## 49141. CLARK v. THE STATE.

EVANS, Judge.

Defendant was convicted for violation of the drug abuse act. He was sentenced to serve a term of four years. Motion for new trial was denied. Defendant appeals. *Held:*

1. No motion was made to suppress the evidence (narcotics) or the testimony in regard thereto. There was no error in allowing in evidence testimony in regard to drugs found at the scene of the arrest. See *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474). The officers had ample authority under Code § 27-207 to investigate, believing a crime had occurred or was about to occur in their presence. *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491).

2. When the detective advised defendant at the scene that he was a police officer, and defendant reached in his pocket, the detective had a right to stop and frisk defendant in order to protect himself. The officer struggled with defendant and was justified, as he thereby sought to defend himself. After that, defendant threw the drugs away from his person. We find no evidence of illegal arrest. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), allows officers who see persons acting suspiciously (such as here) to stop and investigate, including "stop and frisk." See also Adams v. Williams, 407 U. S. 143 (92 SC 1921, 32 LE2d 612).

3. The credibility of the witnesses is for jury determination under Code § 38-1805. *Union v. State,* 7 Ga. App. 27 (2) (66 SE 24); *Brown v. State,* 10 Ga. App. 50 (2) (72 SE 537). The evidence submitted was sufficient to support the verdict of guilty.

4. The officer attempted to detain defendant, who then deliberately threw a package away. The package bounced off a brick wall, and was found and illegal drugs were discovered therein. The officer was not afforded

sufficient time to advise defendant of his rights during the altercation, especially as defendant's possession of the drugs was learned by the officer at the scene of the crime and during such altercation. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), has no application here.

Further, no defense motion was made in respect to the propriety of warnings to the defendant; hence, any alleged error in regard thereto was waived. *Starr v. State,* 229 Ga. 181 (1), 183 (190 SE2d 58); *Mallory v. State,* 230 Ga. 657 (2) (198 SE2d 677).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED MARCH 6, 1974 — DECIDED APRIL 9, 1974.

*James R. McGraw,* for appellant.
*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.