## 58778. THE STATE v. MALLORY.

SHULMAN, Judge.

While effecting an arrest pursuant to a warrant, the arresting officer observed the defendant approaching the officer and the arrestee with his hands in his pockets. When the officer took his badge out and started to approach the defendant, the defendant turned and walked away, whereupon the officer ordered the defendant to stop. An ensuing patdown and subsequent limited search of defendant, purportedly for the protection of the officer, produced a "roach clip" with the remains of a marijuana cigarette attached. (This contraband, together with other contraband later found on the defendant, formed the basis of the defendant's criminal prosecution.) After a hearing on appellee's motion to suppress, the trial court ordered the suppression of the contraband. We reverse.

A review of the record shows that the officer observed the defendant in the company of the arrestee shortly before executing the warrant. The transcript shows the officer's assessment of the situation: "We [the officer and a fellow officer] were in a dark area. There was only one street light. There was another car there. We were making a felony arrest." "[After the arrest warrant had been executed] I looked up and saw this man [the defendant] closer to us. And he had his hands in his pockets." "He . . . approached us . . . realized . . . what we were doing there . . . [and] turned and started walking away. I had no idea what . . . for . . . I knew I wanted to make sure he didn't have a weapon, that he could get behind cover and possibly injure us . . . And when I found the [long] sharp object [i.e., the roach clip] in his pocket, I removed it."

Under these circumstances, the momentary detention of the defendant and the limited search for weapons was fully authorized (*Clark v. State*, 131 Ga. App. 583 (2) (206 SE2d 717)), and the contrary ruling of the trial court was clearly erroneous. That the accused may have turned and walked away did not evince such an abandonment of a possible assault that would render impermissible the officer's conclusion that criminal activity might be afoot. Terry v. Ohio, 392 U. S. 1, 28 (88 SC 1868, 20 LE2d 889).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED DECEMBER 5, 1979 —
REHEARING DENIED DECEMBER 19, 1979.

*Charles R. Hadaway, Assistant Solicitor,* for appellant.
*Steve W. Reighard,* for appellee.