## 40065. HOWARD v. THE STATE.

HILL, Chief Justice.

On March 16, 1982, the defendant was convicted of the murder of Joe Nathan Garvin and was sentenced to life imprisonment. On March 29, 1982, the defendant filed a motion for a new trial, which was amended on September 24, 1982. This motion ultimately was denied on May 20, 1983, and a notice of appeal was thereafter timely filed.

---

[5] It is for this reason that OCGA § 44-6-123 (Code Ann. § 85-1005) is not applicable here.

The evidence authorized the jury to find that the victim was talking with two men on a corner in Savannah on the evening of August 4, 1981. The victim and Ike Davis were seated and Gregory Davis was standing. An automobile circled the corner twice and stopped the third time. The defendant got out of the passenger side of the car, leaving the car door open, and walked towards the trio. Defendant began shooting at the victim and Ike Davis, who was wounded. As the victim attempted to run, the defendant continued to shoot at him. After firing several shots, the defendant returned to the vehicle and left. Both Ike and Gregory Davis later identified the defendant as being the man doing the shooting.

At approximately 9:30 p.m. homicide officers arrived at the scene. The victim, who was found lying face down, had sustained bullet wounds to the back, shoulder area, and buttocks. The autopsy revealed that the victim had been shot three times and died as a result of a bullet which entered his shoulder, right lung and heart.

The defendant admitted being present at the murder scene but claimed that he had exited the automobile to bring the victim to Harold Brinson, the driver, to sample some drugs. The defendant denied shooting the victim and claimed that Harold Brinson shot the victim from the car.

1. The evidence was sufficient. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)(1979).

2. Although Harold Brinson was listed as a state's witness, at trial he was called as a witness by the defendant. Brinson stated his name and thereafter claimed the Fifth Amendment. The trial court did not commit error in denying the defendant's Brady motion to require the state to disclose Brinson's criminal record to impeach a defense witness who gave only his name.

Similarly, the trial court did not err in denying the defendant's Brady motion to require the state to disclose the victim's criminal record. The defendant argues that with the victim's criminal record plus Brinson's criminal record, he could have shown that they had been involved in drug deals together and hence that Brinson had a motive for killing the victim. However, even if these criminal records were admissible as substantive evidence, proof of prior drug transactions between two people does not establish motive for murder. Moreover, the defendant, apparently as a strategic tactic, permitted the investigating officer to testify that his investigation revealed that Brinson was a drug dealer, that the defendant was a pusher for Brinson, and that the victim had ripped them off in a drug deal, thereby providing a motive for Brinson.

3. The trial court did not err in preventing the defendant's cross-examination of the state's witnesses about the victim's being

shot on prior occasions. That others had shot at the victim previously was irrelevant under the facts of this case.

4. During closing arguments, the assistant district attorney stated: "What I want to do at the outset . . . is I want to go through a few points of law with you as to what I expect the Judge is going to charge, so that then when I get into the facts, you'll be able to see how that law should be applied to those facts as he's going to charge you on the law and how you should apply that to the facts that we have in this case to determine the guilt or innocence of this Defendant here. Now the first fact of law that's already — the first point of law that's already been tested upon is reasonable doubt. Now this is not to a mathematical certainty. This is — it's not a frivolous doubt. It just means beyond a reasonable doubt and what that really boils down to is that you just need to use common sense.

"I think everybody in this room knows exactly what happened that night and that's all you do — just use your common sense. *Don't get hung up on reasonable doubt.*

"All right, the second point of law is that the State has got to prove that there was malice aforethought. That's — it's in the Indictment that Edward Eugene Howard caused the death of Joe Nathan Garvin with malice aforethought. *Don't get hung up on this either.* What that means is that there was no provocation for it. It was just an out and out killing. He just went up to him and killed him. He had malice. There was no real justification or excuse for it. He just went up to him and shot him." (Emphasis supplied.)

The defendant objects that the assistant district attorney's saying "Don't get hung up on reasonable doubt" and malice aforethought constituted prosecutorial misconduct and misstatements of the law. While those statements would not be acceptable if given by the court in charge, we find no error when such statements are made in argument in the context utilized here.

5. The trial court did not err by making reference, during the charge to the jury, to impeachment of a witness by showing proof of a conviction of a felony. The trial court made this reference in the following context. "I charge you that to impeach a witness is to establish that the witness is unworthy of belief. . . . That a witness is unworthy of belief and his testimony thus discredited may be established first by disproving the facts testified to by the witness. Second, by proof of contradictory statements previously made by the witness upon matters relevant to the witness' testimony in the case, or third, by proof of the witness' conviction of a felony by giving us three standards. The latter one which I have mentioned, proof of a conviction of a felony is not present in this case and you will not consider in this — you will not consider this in determining whether

or not the witness has been impeached. However, you may consider the first two standards that I gave you which is the disproving of facts and the proof of contradictory statements." The defendant claims that the instruction served to confuse and mislead the jury. However, the court immediately clarified any misunderstanding that the jury may have had. We find no error.

6. The trial court did not err in instructing the jury to parties to a crime. The defendant claims that this was improper because the state did not present any evidence concerning another party to the crime. However, the defendant presented evidence of Brinson's participation in the crime. The instruction was not improper.

7. After the jury retired, they returned, at which time the following occurred:

*"THE COURT:* Yes sir, you have a question?

*"JUROR:* I don't know . . . the question was, Judge, would it be possible for the Jury to look at the transcript. We're still having some problems with conflicting testimony and we're trying to go back and answer some questions. Is it possible to look at the transcript?

*"THE COURT:* No, I can't let you do that. That's part of your duty as a Jury to resolve those conflicts if you can and you just have to rely on each other and discuss it until you can arrive at a conclusion. We can't let you see the transcript. That's the only question you had?

*"JUROR:* That was basically it. There was just some — trying to get back . . . my memory.

*"THE COURT:* Don't task [sic] too much now. That's all — that's the question you had — whether or not you could see the transcript.

*"JUROR:* (to Jury) Was there anything else? No.

*"THE COURT:* You can retire and continue your deliberations. [Whereupon the jury withdrew.]"

The defendant objects that the judge's statement "Don't task too much," constituted a comment on the evidence and an instruction to the jury not to consider the evidence carefully. If the judge's statement was so understood, the defendant should have objected or moved for mistrial at the time the statement was made. This alleged error was raised for the first time in the amended motion for new trial. Objections to innocuous statements must be made during trial, or they are waived. *Almond v. State,* 128 Ga. App. 758, 759 (2) (197 SE2d 836) (1973); *Taylor v. State,* 140 Ga. App. 447 (1) (231 SE2d 364) (1976); *Shepherd v. State,* 203 Ga. 635 (47 SE2d 860) (1948).

8. The trial court did not abuse its discretion in refusing to grant the jury's general request to rehear testimony previously given by the

witnesses.

*Judgment affirmed. All the Justices concur.*

Decided October 26, 1983.

*G. Terry Jackson, for appellant.*

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General, for appellee.*