75744. THE STATE v. LOUIS.
(364 SE2d 896)

BENHAM, Judge.

Appellee was accused of carrying a concealed weapon and carrying a pistol without a license. The State brings this appeal from the grant of appellee's motion to suppress the gun discovered in a search of appellee's person.

At the hearing on the motion, the searching/arresting officer testified that he arrived at a Hapeville motel at 2:00 a.m. in response to

the report of a burning car in the motel parking lot. While talking to the desk clerk on duty in this "notorious place" that frequently placed calls for police assistance, the officer noticed appellee, who, according to the officer's testimony, did a double take when he saw the officer, turned, and walked back in the direction from which he had come. When requested by the officer to stop and present identification, appellee did so. The officer then noticed bulges in appellee's jogging suit and conducted a patdown search which revealed a wad of dollar bills and a .22 caliber pistol. Appellant was arrested upon admitting he did not have a license to carry the weapon.

After the testimony of the officer, the trial court orally granted appellee's motion to suppress. Thereafter, appellee's counsel, "out of an abundance of caution," elicited for the record the testimony of appellee and the motel desk clerk. They testified that appellee walked down the motel corridor toward the front door without hesitation upon seeing the officer and that he was stopped by the officer, who questioned him about his presence, commented about his jewelry and his suspected profession, and conducted the patdown search. The desk clerk described the officer as "harassing" appellee. The trial court subsequently entered a written order granting the motion to suppress.

Although the officer's testimony supports a conclusion that the officer was justified in stopping appellee due to appellee's behavior upon seeing the officer (see *Watson v. State*, 181 Ga. App. 512 (3) (352 SE2d 828) (1987); *Williams v. State*, 163 Ga. App. 866 (2) (295 SE2d 361) (1982); *State v. Mallory*, 152 Ga. App. 822 (264 SE2d 293) (1979)), and conducting a frisk to determine the nature of the bulges (see *Edwards v. State*, 165 Ga. App. 527 (301 SE2d 693) (1983)), the testimony of the desk clerk and appellee concerning appellee's straightforward behavior upon seeing the officer refutes the officer's testimony of appellee's action that gave rise to the articulable suspicion to stop and frisk appellee. "Factual and credibility determinations . . . made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. [Cits.]" *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974). Since there is evidence in the record to support the trial court's action, we may not disturb it. The fact that the trial court stated its intention to grant the motion prior to hearing the testimony of the desk clerk and appellee does not alter the fact that the record does contain evidence that supports the trial court's decision.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1988.

*James L. Webb, Solicitor, Donald C. English, Assistant Solicitor*, for appellant.
*Herbert Shafer*, for appellee.