## 46585. HUGHES v. THE STATE.
### (378 SE2d 853)

GREGORY, Justice.

After observing appellant Hughes' erratic driving, an off-duty police officer pulled behind Hughes' parked car, showed Hughes his identification, called for assistance, and refused to let Hughes leave. After talking with Hughes, the officer asked another officer who had arrived on the scene to give Hughes a sobriety test. The officers then placed Hughes under formal arrest for driving under the influence.

The trial court granted Hughes' motion to suppress. The trial court held that the situation had progressed beyond the point of an investigatory stop and that the officer had effected an arrest when he told Hughes he was not free to leave. Because *Miranda* warnings were not given at that time, the trial court suppressed the conversations and sobriety tests.

In *State v. Hughes,* 189 Ga. App. 671 (377 SE2d 192) (1988), the Court of Appeals reversed. The Court of Appeals held that the detention and refusal to let Hughes leave did not result in an arrest. Because the brief investigatory stop did not become an arrest until after Hughes performed the field sobriety tests, the Court of Appeals concluded that *Miranda* warnings were not necessary before the conver-

sations or the tests.

On February 8, 1989 we granted certiorari to consider whether the Court of Appeals was correct in reversing the trial court's determination that the officer effected an arrest when he informed Hughes that he was not free to leave the scene of the initial stop.

1. The test for determining whether a person is "in custody" at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984). Because there is evidence in the record to support the trial court's determination that Hughes was arrested when he was told he was not free to leave, we will not disturb it. *State v. Louis*, 185 Ga. App. 529 (364 SE2d 896) (1988). Therefore, we reverse the Court of Appeals' determination that this was not an arrest.

2. Because the police did not give Hughes *Miranda* warnings at the time of the arrest, the trial court suppressed all conversations between the officers and Hughes after the officer told Hughes he was not free to leave. The trial court also suppressed all reference to the field sobriety tests.

a) In *Miranda v. Arizona*, 384 U. S. 436, 478 (86 SC 1602, 16 LE2d 694) (1966), the Supreme Court held that "when an individual is taken into custody. . .and is subjected to questioning, the privilege against self-incrimination is jeopardized." Because the trial court found that Hughes was under arrest at the scene of the initial stop and the officer failed to give the required warnings, the trial court correctly suppressed reference to conversations between Hughes and the police.

b) Hughes' motions were based solely on the United States Constitution. He did not argue that the field sobriety tests should be suppressed under OCGA § 24-9-20. Therefore, we hold that the alphabet test and the physical dexterity tests are not inadmissible under the fifth amendment of the United States Constitution because they were not evidence of a testimonial or communicative nature. *Schmerber v. California*, 384 U. S. 757, 761 (86 SC 1826, 16 LE2d 908) (1966).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Marshall, C. J., who dissents as to Division 1 and the judgment of reversal.*

DECIDED MAY 10, 1989.

*Mary A. Stearnes, Melvin S. Nash,* for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Beverly M. Hartung, Assistant Solicitors,* for appellee.