A89A1670. LEWIS v. THE STATE.
(392 SE2d 563)

POPE, Judge.
Jerry Lewis was convicted of trafficking in cocaine and DUI. From the evidence presented below the jury was authorized to find the following: In the early morning hours of February 12, 1986, police stopped the car driven by the defendant because it had an improper truck tag affixed rather than a car license plate. When the officer asked the defendant for his license, he noticed a brown paper bag on the floorboard between defendant's feet. The officer asked the defend-

ant to step out of the car. As the defendant complied with the officer's request, the officer noticed that defendant was unsteady on his feet, slurred his speech and that there was a strong odor of alcohol about him. After giving defendant a field sobriety test, the officer arrested defendant for DUI, handcuffed him and placed him in the patrol car. The officer then returned to defendant's car, searched it and seized the brown paper bag. Inside the bag was a glass jar which contained a plastic bag filled with what turned out to be 64 grams of a cocaine mixture, 47.6 grams of which was pure cocaine. The passenger who was riding with the defendant was questioned and released. Police also found $4,100 in currency in defendant's socks.

1. Defendant argues that the trial court erred in denying his motion to suppress. He contends that the warrantless search was an improper inventory search of an improperly impounded vehicle. However, we need not reach the issues of impoundment and inventory. As the trial court held, the search here was lawful pursuant to OCGA § 17-5-1 (a): "When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within the person's immediate presence for the purpose of: . . . (4) Discovering or seizing any instruments, articles, or things which are being used or which may have been used in the commission of the crime for which the person has been arrested." "It appears to be well settled under this code section that where a person is arrested for driving under the influence, '(a) search of the vehicle is proper for the purpose of obtaining evidence of the basis of a suspect's intoxication.' [Cits.]" *State v. Holden*, 162 Ga. App. 33 (290 SE2d 130) (1982). The officer in the present case observed defendant's car leave the parking lot of a restaurant and bar. After stopping defendant's car for having an improper tag, the officer determined that defendant appeared intoxicated and arrested him. The search of the car was proper. The brown paper bag containing the jar with cocaine was seized lawfully. It was not error to deny the motion to suppress.

2. The trial court charged the jury on the law of parties to a crime even though the State maintained that defendant alone was responsible for the cocaine. The State maintains that pursuant to *Howard v. State*, 251 Ga. 586 (6) (308 SE2d 167) (1983), the charge was proper because the defendant presented evidence that the crime actually was committed by Hobbs, the passenger in the car. Although defendant argues that *Howard*, supra, is factually distinguishable, we do not agree. Even if the charge here was error, it would be harmless in light of the strong evidence of possession of the cocaine by defendant.

3. We find that the evidence was sufficient to support defendant's convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 23, 1990 — 

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley,* for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.