## A90A0987. JONES v. THE STATE.
(397 SE2d 181)

BEASLEY, Judge.

Defendant enumerates two errors in his conviction of trafficking in cocaine, OCGA § 16-13-31: 1) denial of his motion for mistrial following introduction of his statement, which he contends should have been furnished in compliance with his motion for production under OCGA § 17-7-210; 2) exclusion from evidence of a statement made by his deceased brother, a co-defendant.

Defendant, as driver, and his brother, as passenger, were stopped for weaving on the road while traveling on I-95. Before citing defendant for improper lane change, the patrolman asked where he had been. Defendant responded that he had visited his sick father in Miami. Defendant's brother gave a different version. The patrolman issued the citation and requested permission to search the vehicle. Defendant signed a consent to search form. Cocaine was found, and defendant and his brother were arrested, fingerprinted and booked. During an interview by the police chief, defendant's brother said a duffle bag containing part of the cocaine was given to him by someone

in Miami and that he had used it to keep dirty clothes, but that he knew nothing about any other contents. The brother died prior to trial.

1. Under OCGA § 17-7-210 (a) defendant is entitled to a copy of any statement given by him while in police custody. Roadside questioning after a routine traffic stop does not constitute a custodial situation. *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227) (1986); *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295) (1990); *Conley v. State*, 181 Ga. App. 375, 376 (2) (352 SE2d 394) (1986); *Wilson v. State*, 173 Ga. App. 805, 806 (1) (328 SE2d 418) (1985). Because defendant was not in custody, but was merely temporarily detained, the State was not required to furnish defendant's statement concerning the purpose of the trip. Compare *Hughes v. State*, 259 Ga. 227 (378 SE2d 853) (1989).

2. Declarations made by a person since deceased against his interest and not made with a view to pending litigation are admissible. OCGA § 24-3-8. Defendant's brother had been fingerprinted and booked. His statement, made with a view to litigation within the meaning of the Code section, was inadmissible. *Crowder v. State*, 237 Ga. 141, 154 (227 SE2d 230) (1976).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 11, 1990.

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.