A92A0866. THE STATE v. ELLIOTT.
(422 SE2d 58)

SOGNIER, Chief Judge.

Phillip Elliott was charged with driving under the influence, failure to maintain lane, and possession of a controlled substance (methamphetamine). The trial court granted Elliott's motion to suppress certain evidence seized during a search of his car, and the State appeals.

At the motion hearing, Cherokee County Deputy Sheriff Ron Hopkins testified that while on patrol on Interstate 575 on the night of June 10, 1991 he observed a red truck driven by appellee swerve into the center lane and then change lanes several times without signalling. Hopkins stopped the vehicle as it left the highway. As he approached the driver's side of the truck, Hopkins detected a strong odor of alcohol. After administering several field sobriety tests, which appellee was unable to perform, Hopkins arrested appellee for driving under the influence and seated him the back seat of the patrol car. Appellee requested that his passenger be allowed to drive the truck home, but Hopkins refused upon determining that the passenger also

was intoxicated. Hopkins summoned another officer to drive the passenger home and then began an inventory search of the truck. He picked up a generic aspirin bottle he found sitting on top of a tackle box behind the driver's seat. Upon hearing what he described as rice rattling inside the bottle, and knowing from his professional experience that drug users sometimes store drugs with rice to absorb excess moisture, Hopkins opened the bottle and discovered a small plastic bag filled with a substance later identified as methamphetamine.

The trial court granted appellee's motion on the basis that Hopkins was not authorized to open the pill bottle during either an inventory search or a search incident to arrest and that he did not have probable cause to believe a drug offense was being committed. The State contends that Hopkins was authorized to search the passenger compartment of the truck incident to appellee's arrest and that this authority extended to an examination of the contents of containers found therein. We agree and reverse.

The facts in this case are strikingly similar to those in *State v. Holden*, 162 Ga. App. 33 (290 SE2d 130) (1982), in which an officer stopped the defendant after observing him drive erratically and arrested him for DUI, and the officer's subsequent inventory search of the defendant's vehicle yielded methaqualone tablets hidden inside a cigarette pack inside the glove compartment. This court held that a search of the passenger compartment of the car was lawful pursuant to OCGA § 17-5-1 (a) (4) (former Ga. Code Ann. § 27-301 (d)) as a search incident to a lawful arrest. As we held in *Holden*, "[i]t appears to be well settled under this code section that where a person is arrested for driving under the influence, '(a) search of the vehicle is proper for the purpose of obtaining evidence of the basis of a suspect's intoxication. [Cits.]' [Cit.] Such a search comports with the United States Supreme Court's . . . holding that 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile' and 'may also examine the contents of any containers found within the passenger compartment[.] . . .' New York v. Belton, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768, 775) (1981). Since it appears without question that the search in this case was made as a contemporaneous incident of the arrest, we must conclude that it was lawful. The grant of the defendant's motion to suppress is accordingly reversed." *Holden*, supra at 33-34. Accord *Lewis v. State*, 195 Ga. App. 59-60 (1) (392 SE2d 563) (1990); *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

Decided September 8, 1992.

Darrell E. Wilson, District Attorney, Gregory A. Hicks, Assistant District Attorney, for appellant.
Bray & Johnson, H. Michael Bray, for appellee.