## A94A1779. GRANT v. THE STATE.
### (449 SE2d 545)

McMURRAY, Presiding Judge.

Defendant and Tigris Chaurelle Lampkin were indicted for two counts of violating the Georgia Controlled Substances Act, by possession of cocaine with intent to distribute and by possession of less than one ounce of marijuana. A third count accused defendant with driving under the influence, in that he did "unlawfully drive a moving vehicle while having marijuana present in his urine[.]" The evidence adduced at a jury trial showed that Deputy John L. Smith of the Monroe County Sheriff's Office stopped a rental vehicle driven by defendant on I-75 South near Forsyth, Georgia, after observing the vehicle doing 82 mph in a 65-mph zone and weaving "pretty abrupt[ly]." Defendant admitted to Deputy Smith that his Florida license was suspended and Deputy Smith placed him under arrest for driving with a suspended license. The vehicle was not rented in the name of either defendant or

his passenger, Ms. Lampkin. She did not have a valid license with her so Deputy Smith ordered the vehicle towed to the Sheriff's Office. When Ms. Lampkin exited the rental vehicle to accept a ride to the Sheriff's Office, she left her purse open on the floor of the passenger side. Deputy Smith briefly examined the open purse for weapons and found on top of the items therein a brown paper bag containing 6.4 grams of marijuana and rolling papers, whereupon Ms. Lampkin was arrested for possession of marijuana. Defendant was then informed that he was under arrest for the additional offense of driving while under the influence of a drug. Defendant agreed to submit to a urine test, and stated to Deputy Smith that "he knew it would come back positive because he had smoked marijuana . . . a couple of days before with some friends." At the Sheriff's Office, an inventory search of the brown bag containing the marijuana also yielded three small packets of powder cocaine, weighing a total of 10.2 grams. Ms. Lampkin testified that the brown paper bag containing the marijuana and cocaine belonged to defendant. As the vehicle was being stopped by Deputy Smith, defendant panicked and "he told [her] to put the bag in [her] purse." Ms. Lampkin provided a urine sample and "it came back negative for alcohol and negative for any type of drug." Defendant's urine "specimen was positive for metabolites of delta 9 tetrahydrocannabinol which is marijuana."

As to defendant, the jury returned guilty verdicts as to all offenses charged, while finding him guilty of "only possession" as to the cocaine offense. Ms. Lampkin was acquitted of both charges filed against her. This appeal follows the denial of defendant's motion for new trial. In support of his sole enumeration of error that "[i]t was error for [the] trial court to permit the conviction of accused with the conflict in evidence, which existed in the testimony of the witnesses in this case," defendant argues that "the testimony of the witnesses, those witnesses being the Defendant and Co-Defendant [Ms. Lampkin], was so conflicting and confusing, where it would have been impossible to ascertain the truth beyond a reasonable doubt, as to Defendant Grant and his role in sequence of events that brought him to the Court to be convicted." *Held*:

" 'On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. *Robinson v. State*, 194 Ga. App. 432, 433 (1) (390 SE2d 652).' *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4), 181 (398 SE2d 25). See also *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204). ' "Conflicts in the testimony of the witnesses, including the state's witnesses, is a matter of credibility for the jury to resolve. . . ." *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311).' *Fisher v. State*, 151 Ga.

App. 93 (258 SE2d 920)." *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381). In the case sub judice, evidence that defendant was speeding and abruptly changing lanes while there was marijuana in his system is sufficient to authorize the jury's finding that defendant was "[u]nder the influence of any drug to the extent that it [was] less safe for [him] to drive" in violation of OCGA § 40-6-391 (a) (2), beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Griggs v. State*, 167 Ga. App. 581, 584 (6) (307 SE2d 75). Compare *Sparks v. State*, 195 Ga. App. 589, 590 (2) (394 SE2d 407), overruled on other grounds, *Green v. State*, 260 Ga. 625 (1) (398 SE2d 360). Ms. Lampkin's testimony that the bag containing the marijuana and cocaine belonged to defendant and not to her is corroborated by the scientific evidence indicating the presence of marijuana in defendant's system and the absence of drugs in hers. The evidence is sufficient to authorize the jury's determination that defendant was guilty beyond a reasonable doubt of possessing the marijuana and cocaine found in the vehicle. See *Cannon v. State*, 211 Ga. App. 835 (440 SE2d 723). Compare *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1994.

*Martin & Martin, Karen K. Martin, Harold E. Martin*, for appellant.

*Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant District Attorney*, for appellee.