## A94A1953. KNOX v. THE STATE.

(453 SE2d 120)

MCMURRAY, Presiding Judge.

Defendant was charged via indictment with one count of possession of cocaine in violation of the Georgia Controlled Substances Act and one count of driving under the influence, in that he "was in actual physical control of a moving vehicle while under the influence of a drug to the extent that it was less safe for him to drive." The evidence adduced at his jury trial showed the following: About 5:00 a.m. on "July 6th, 1993," Officer James W. Scott of the "D. U. I. Task Force" for the City of Forest Park, Georgia, was dispatched to the scene of a single-vehicle accident. The car was "approximately 50, 60 feet off of the roadway. . . . [Defendant was] slumped down in the car. The car engine was running, the headlights were on and the car was in drive. [Defendant's] foot was on the brake." Judging from the physical evidence, defendant's car "would have had to cross over to oncoming traffic, go off the roadway and then go into the field," to end up where it did. It took Officer Scott approximately a minute to rouse defendant "to a semi-conscious state." Defendant was incoherent and did not know his name or where he was. Officer Scott "didn't detect any odor of an alcoholic beverage on [defendant's] breath or about his person or inside the vehicle compartment itself. At that point [defendant] was . . . just so out of it, [Officer Scott] knew [defendant] had to be under the influence of some type of drug." Officer Scott asked defendant if he had been doing any drugs that evening and defendant told him that "he had smoked some marijuana earlier in the evening." When defendant exited the car, Officer Scott observed "a glass pipe that [defendant] had been sitting on." In Officer Scott's experience, "similar pipes [were] used to smoke crack cocaine, just exactly like that pipe." After defendant was unable to stand, much less perform any field sobriety tests, Officer Scott "placed him under arrest for driving under the influence of drugs." The officer then returned to the vehicle and seized the glass pipe. Both at the scene and at the police station, Officer Scott read defendant his implied consent rights but defendant declined to submit to a blood and urine test. Residue from the glass pipe was tested by Sylvia Troutman Guice, a forensic chemist with the Georgia Bureau of Investigation Crime Laboratory. The result was positive for cocaine.

The jury found defendant guilty on each count and this direct appeal followed. *Held*:

1. Defendant enumerates the denial of his motion to suppress evidence, arguing that his car was illegally searched without a warrant and without probable cause, in violation of the Georgia Constitution.

"The Georgia constitutional provisions regarding search and seizure, Art. I, Sec. I, Par. XIII, are substantially the same as the

Fourth Amendment provisions of the U. S. Constitution. *Sears v. State*, 262 Ga. 805, 807 (3) (426 SE2d 553)." *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664). Where a person is lawfully arrested for driving under the influence of any substance, in violation of OCGA § 40-6-391 (a), the officer may conduct a warrantless search of the passenger compartment of the vehicle for the purpose of obtaining evidence of intoxication as an incident to that lawful arrest pursuant to OCGA § 17-5-1 (a) (4). *State v. Elliott*, 205 Ga. App. 345, 346 (422 SE2d 58). The propriety of the trial court's ruling in the case sub judice therefore hinges on whether defendant's arrest was lawful at the time Officer Scott seized the glass pipe.

" 'A "warrantless arrest" is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent (person) in believing that the accused had committed or was committing an offense. (Cits.)' *Callaway v. State*, 257 Ga. 12 (2) (354 SE2d 118) (1987)." *Gilbert v. State*, 212 Ga. App. 308 (1), 309 (441 SE2d 785). In the case sub judice, Officer Scott had probable cause to believe that defendant had driven the vehicle off the road while under the influence of marijuana, in violation of OCGA § 40-6-391 (a) (2). Consequently, since the facts and circumstances authorized defendant's warrantless arrest, the search of his vehicle as an incident of that lawful arrest also was authorized. *State v. Elliott*, 205 Ga. App. 345, 346, supra. The trial court correctly denied defendant's motion to suppress evidence based on the ground that this search was illegal.

2. In his second enumeration, defendant contends the trial court erred in admitting testimony relating to defendant's inculpatory "in custody statement over objection." He argues that his statement that he had smoked marijuana that night should have been excluded from evidence by operation of former OCGA § 17-7-210 (d) because "the State had failed to disclose the statement to [defendant] pursuant to [his] discovery motion."

"Under [former] OCGA § 17-7-210 (a) defendant is entitled to a copy of any statement given by him while in police custody. Roadside questioning [during an accident scene investigation or] after a routine traffic stop does not constitute a custodial situation. *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227) (1986); *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295) (1990); *Conley v. State*, 181 Ga. App. 375, 376 (2) (352 SE2d 394) (1986); *Wilson v. State*, 173 Ga. App. 805, 806 (1) (328 SE2d 418) (1985). [In the case sub judice, defendant had not yet been formally arrested when he gave his incriminating statement.] Because defendant was not in custody, but was merely temporarily detained, the State was not required to furnish defendant's statement concerning [his admission that he had smoked marijuana

that night]. Compare *Hughes v. State*, 259 Ga. 227 (378 SE2d 853) (1989)." *Jones v. State*, 196 Ga. App. 842, 843 (1) (397 SE2d 181).

3. In his third enumeration, defendant urges the general grounds, arguing the "equal access" rule precludes his conviction for possession of cocaine, because the vehicle he was driving was a rental car which his wife and stepson also had driven.

" 'The equal access rule, "as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. (Cits.)" *Castillo v. State*, 166 Ga. App. 817, 821-822 (305 SE2d 629) (1983).' *Mendez v. State*, 185 Ga. App. 1 (363 SE2d 262) (1987)[.]" *Lombardo v. State*, 187 Ga. App. 440, 442 (5) (370 SE2d 503). " 'Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury.' *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985)." *Davis v. State*, 194 Ga. App. 482, 486 (4) (391 SE2d 124). Viewed in the light to uphold the jury's verdict in the case sub judice, evidence that a glass pipe encrusted with cocaine residue was found in the bucket seat where defendant (the sole occupant) had just been seated was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant was guilty, beyond a reasonable doubt, of possession of cocaine as alleged in the indictment. " ' "The totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to the [vehicle]. (Cits.)" *Teems v. State*, 161 Ga. App. 339, 340 (287 SE2d 774). See *Pamplin v. State*, 164 Ga. App. 610 (298 SE2d 622).' *Little v. State*, 173 Ga. App. 512 (1) (326 SE2d 859)." *Johnston v. State*, 178 Ga. App. 219 (1), 220 (342 SE2d 706). Although not separately enumerated, defendant's admission that he had smoked marijuana that night, coupled with the evidence that he drove his vehicle off the road, "is sufficient to authorize the jury's finding that defendant was '(u)nder the influence of any drug to the extent that it (was) less safe for (him) to drive' in violation of OCGA § 40-6-391 (a) (2), beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307[, supra]; *Griggs v. State*, 167 Ga. App. 581, 584 (6) (307 SE2d 75)." *Grant v. State*, 215 Ga. App. 10, 12 (449 SE2d 545).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 17, 1995.

*Darrel L. Hopson,* for appellant.
*Robert E. Keller, District Attorney,* for appellee.