A98A0993. JACKSON v. THE STATE.
(502 SE2d 529)

JOHNSON, Judge.

Charles Jackson, Sr. appeals his convictions for sale of marijuana and cocaine. We affirm.

1. Jackson alleges the evidence was insufficient to support his convictions. Viewed in a light most favorable to support the jury's verdict, the evidence shows that two GBI agents and a confidential informant drove to a house where Jackson was working on a vehicle in the front yard. The informant left the vehicle and approached Jackson. Jackson then approached the agents' vehicle, produced marijuana and handed the marijuana to one of the agents. When the agent asked how much it cost, Jackson told him $20, and the agent handed Jackson $20.

An hour after the first transaction with Jackson, the three returned to purchase more drugs. Again the informant left the vehicle and approached Jackson, then Jackson and the informant approached the agents' vehicle. Jackson took off a baseball cap and produced crack cocaine from inside the hat. Jackson then handed the cocaine to one of the agents and stated that the price was $25. The agent handed Jackson $25.

The agents testified that in addition to buying drugs from Jackson on these two occasions, they saw Jackson on numerous occasions while they were trying to make drug purchases from other dealers. Jackson was in the same yard as in the present case and would try to flag the agents down. Both agents identified Jackson in a photo-

graphic lineup and at the time of arrest.

Jackson testified that the informant was trying to get even and gave him the cocaine to carry to the agents' vehicle. As for the marijuana sale, Jackson testified that another individual resembling him may have sold the drugs to the agent.

On appeal, we do not weigh the evidence or assess witness credibility. *Grant v. State*, 215 Ga. App. 10, 11 (449 SE2d 545) (1994). Based on the record, both agents had ample opportunity to view Jackson during the two sales, which occurred during daylight hours within arm's reach of Jackson. The evidence was sufficient for a rational trier of fact to find Jackson guilty beyond a reasonable doubt of selling both marijuana and cocaine. See *Sanders v. State*, 226 Ga. App. 650, 651 (1) (487 SE2d 442) (1997).

2. Jackson also contends he was denied effective assistance of counsel because his trial counsel failed to object on two separate occasions to inadmissible character evidence. Specifically, Jackson asserts his trial counsel should have objected to the agents' testimony that Jackson tried to sell them drugs on ten to fifteen different occasions while the agents were operating in the area. We disagree.

A review of the record shows that the agents did *not* testify that Jackson attempted to sell them drugs. Rather, the agents testified that on some occasions, Jackson attempted to flag them down. In addition, Jackson himself testified that one week before the sales for which he was convicted, he directed a police officer to a drug dealer in order to purchase drugs.

Evidence that the agents had seen Jackson on numerous occasions before they picked him out of a photographic lineup and before his arrest was admissible to prove identity. It did not place his character into evidence. See *Gober v. State*, 264 Ga. 226, 229 (5) (443 SE2d 616) (1994); *Childs v. State*, 202 Ga. App. 488, 489 (2) (414 SE2d 714) (1992). Moreover, if there is any legitimate basis for admitting evidence, it is to be admitted, even if the evidence might otherwise be inadmissible on other grounds. See *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298) (1989); *Pugh v. State*, 191 Ga. App. 394, 395 (382 SE2d 143) (1989). This enumeration lacks merit.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 20, 1998.

*John B. Cloy*, for appellant.
*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.