41883. LOVE v. THE STATE.

(334 SE2d 173)

HILL, Chief Justice.

We granted certiorari in this case, Love v. State, 173 Ga. App. 85 (325 SE2d 449) (1984), to determine whether the Court of Appeals overlooked the issue of defendant's standing to assert Fourth Amendment search and seizure rights. After plenary consideration, we find that the Court of Appeals concluded correctly that it was not necessary to reach the standing issue, and affirm.

Robert Love was convicted of possession of diazepam in violation of the Georgia Controlled Substances Act, OCGA § 16-13-1 et seq., largely on evidence furnished by his female companion who had physical possession of the diazepam at the time of their arrest.

At the motion to suppress hearings, the arresting officer, Detective Goodbar, testified that he had a confidential informant who had previously provided the detective with information which had led to drug arrests and drug seizures, and who had allowed him to overhear a telephone conversation with a person named "Bob" concerning the possible purchase of marijuana and Quaaludes and using a phone number verified as being the defendant's. The detective testified further that the informant told him that the defendant planned to go to a named restaurant in Suwanee, Georgia, for the purpose of selling 500 Quaaludes at 6 p.m. on the date of the arrest, driving a black Lincoln Continental and possibly in the presence of two white females.

The informant was discovered, and called to testify, by the defendant. The informant admitted that on the day of his own arrest he had allowed the detective to listen to a telephone conversation with "Bob," but stated that he was coerced into doing so by the detective's threat to arrest his wife and son and put his daughter "in juvenile." The informant denied giving the detective any information leading to other arrests or drug seizures. He admitted that nearly three weeks later he notified the detective that the defendant had 500 Quaaludes to sell and then set up the meeting at the restaurant, but denied telling the detective that the defendant would be driving a black Lincoln or have a white female companion.

The detective testified that the informant had not been coerced

and that the informant, upon being arrested, volunteered information which led to other arrests and drug seizures, which were identified by the detective. He testified that, after the informant arranged the 6 p.m. meeting at the restaurant, he observed the defendant leave his home at about 5:30 p.m. in a black Lincoln Continental with a white female, followed by another car carrying a man and a second white female.

A uniformed officer, not otherwise involved in the surveillance, was instructed by the detective via radio to stop the defendant. Apparently realizing that he was being followed, the defendant stopped before the officer arrived. Seeing the defendant's car, the officer approached and asked for the defendant's driver's license, explaining the inquiry by saying that building materials had been stolen in the vicinity.

The detective arrived at the scene within 2 to 4 minutes. He testified he asked for permission to search the car for contraband, specifically drugs. The defendant says he asked for, and was given, permission to search the car for building materials.

Diazepam was found in the female companion's purse on the floor on the passenger side of the car. She gave no consent to search her purse.

The defendant urges that, in light of the informant's testimony at the motion to suppress hearing, the reliability of the information on which the detective based his decision to stop and search the defendant's car has been shown to be untrustworthy; i.e., the detective cannot show that his informant was reliable. However, the informant's testimony denying that he had furnished the detective with information leading to other arrests and drug seizures, and insisting that he was coerced into assisting the detective, is self-serving.

Thus, the Court of Appeals was correct in finding that the trial court was authorized to accept the detective's testimony as true. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility of witnesses on motion to suppress evidence will be upheld on appeal. See *Gates v. State*, 244 Ga. 587, 590-591 (261 SE2d 349) (1979), cert. denied, 445 U. S. 938 (1980).

Where a law enforcement officer has probable cause to believe that a vehicle (as opposed to a particular container within the vehicle), while in transit, contains contraband; i.e., where the objective facts known to the officer would justify issuance of a search warrant authorizing that a vehicle be searched,[1] the "automobile exception," *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925),

---

[1] Regarding the standard for determining whether the issuance of a search warrant would be justified, see *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).

to the warrant requirement of the Fourth Amendment applies, and a warrantless search of the entire vehicle is not unconstitutional, including all containers and packages that may contain such contraband. *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982).[2] The detective having probable cause to believe that drugs were located somewhere within the defendant's vehicle, the warrantless search of the entire vehicle was authorized, including the defendant's companion's purse.[3]

It was therefore unnecessary for the Court of Appeals to consider the disputed extent or scope of the defendant's consent to search, and similarly unnecessary for that court to consider whether the defendant had standing to contest the legality of the search of his companion's purse. See *Rawlings v. Kentucky*, 448 U. S. 98, 104-106 (100 SC 2556, 65 LE2d 633) (1980); and *United States v. Salvucci*, 448 U. S. 83 (100 SC 2547, 65 LE2d 619) (1980), overruling *Jones v. United States*, 362 U. S. 257 (80 SC 725, 4 LE2d 697) (1960).

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED SEPTEMBER 12, 1985.

*L. Paul Cobb, Jr., Clifton O. Bailey III*, for appellant.
*Daniel J. Porter, Assistant District Attorney*, for appellee.

---

[2] For situations where the officer has probable cause to believe that a particular container within a vehicle contains contraband, see *United States v. Ross*, supra, and cases cited upon this subject.

[3] Probable cause existing, we need not consider the less stringent standard of "articulable and reasonable suspicion" enunciated in *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979).