## A91A0050. DURDEN et al. v. THE STATE.
(405 SE2d 50)

ANDREWS, Judge.

Pursuant to a search warrant, Spalding County police officers found approximately one pound of marijuana at the residence of David Durden and Penny Durden. At a bench trial both were convicted of violations of the Georgia Controlled Substances Act. The Durdens claim that the trial court erred by failing to grant their motion to suppress the evidence found in the search.

The events that led to the search of the Durdens' residence began on Interstate Highway 75 in Henry County, Georgia. A Georgia Bureau of Investigation agent was traveling on Interstate 75 in his unmarked vehicle, and approached the Durdens' vehicle traveling in the same direction. As he pulled alongside to pass, he saw a passenger in the rear seat take a puff from what appeared to be a marijuana cigarette. The agent maintained his position and observed the rear seat passenger place a hand-rolled cigarette to his mouth, take a breath and hold it in, and then pass the cigarette to Penny Durden in the front seat. The agent, who had been assigned to narcotics work for at least five years, based on these observations and his experience in observing the use of marijuana, stopped the Durdens' vehicle to investigate his suspicions. According to the agent, the following events and colloquy transpired at the stop: The driver, David Durden, got out of the vehicle and gave the agent his driver's license.

"GBI agent: I saw you guys smoke a joint.

"Mr. Durden: Yes Sir.

"GBI agent: Give it to me please."

Mr. Durden walked to the vehicle, got the marijuana cigarette from Mrs. Durden, and gave it to the agent. Not knowing if the appellants had more contraband, the agent decided to try a bluff, and said, "That's not all you have. Let's have the rest of it."

Mr. Durden produced another marijuana cigarette from under the sun visor of the vehicle. The agent then continued his questioning.

"GBI agent: Are you sure this is all you have?

"Mr. Durden: Yes sir, that's all we have.

"GBI agent: In this case you don't mind if I look in your car do you?

"Mr. Durden: No sir."

The agent then removed a camera bag from the rear seat of the vehicle, asked for permission to open it and receiving no response, opened it and discovered over one pound of suspected marijuana. At that point he placed the Durdens and the passenger under arrest.

Thereafter, the Durdens were read their rights against self-incrimination and transported to the sheriff's department, where they

signed a written waiver of their rights. A standard inventory search of the vehicle by the sheriff's department prior to impoundment revealed another pound of marijuana in the trunk of the car. The Durdens gave statements regarding the marijuana in the vehicle, and, in response to further questioning, stated that they had a small quantity of marijuana at their residence in another county. After they refused to consent to a search of their residence, this information was used to obtain a search warrant for the residence. In executing the warrant, police officers found just under one pound of marijuana hidden in and around the residence.

The gravamen of the Durdens' contentions is that the evidence gathered at the residence should be suppressed as the fruits of the earlier illegal stop, search and arrest. We disagree. Based on his observations and experience, the GBI agent formed an articulable suspicion sufficient to stop the Durdens and investigate whether they were in possession of marijuana. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *State v. Hodges*, 184 Ga. App. 21 (360 SE2d 903) (1987). Thereafter, the investigation was narrowly directed to the purpose of the stop. *State v. Webb*, 193 Ga. App. 2, 4 (386 SE2d 891) (1989). The agent's initial statement to Mr. Durden that he saw them smoking a joint went directly to the suspicions giving rise to the stop. When Mr. Durden responded affirmatively and produced the marijuana, the agent had probable cause at that point to arrest the Durdens and conduct a search of the vehicle.[1]

As an exception to the warrant requirements of the Fourth Amendment, police may conduct a warrantless search of an automobile when such facts and circumstances exist as would lead a reasonably prudent person to believe the automobile contained contraband. *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925); *Hodges*, supra at 24; *McKinney v. State*, 184 Ga. App. 607, 609-610 (362 SE2d 65) (1987). Mr. Durden's response confirming the presence of marijuana confirmed the agent's strong suspicions and established probable cause. Compare *Vincent v. State*, 178 Ga. App. 199, 200 (342 SE2d 382) (1986) (physical precedent) (strong suspicion insufficient foundation for probable cause, where on investigation driver denied presence of contraband). Probable cause authorized the agent to search every part of the vehicle which might have concealed

---

[1] The GBI agent did not arrest the Durdens at that point, but delayed the arrest and continued questioning for the admitted purpose of establishing more evidence of guilt, before he finally arrested the Durdens and gave them the warnings required by *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 1694) (1966). Even if the arrest should have arguably been made and *Miranda* warnings given when probable cause was first established, the delay did not affect the search of the vehicle and subsequent arrest because they were independently based on probable cause established pursuant to initial questioning after a valid *Terry* stop.

marijuana, including the trunk and closed containers such as the camera bag.[2] *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982); *Love v. State*, 254 Ga. 697, 699 (334 SE2d 173) (1985). Marijuana was later found in the trunk of the vehicle pursuant to a routine inventory at the sheriff's department. We need not decide whether an inventory search was proper since the warrantless trunk search had a probable cause basis.

After the initial stop and search of the vehicle, the Durdens were arrested and given the *Miranda* warnings. They waived those rights and voluntarily elected to give statements and respond to custodial questioning. See *Askew v. State*, 193 Ga. App. 61-62 (387 SE2d 25) (1989). The search warrant was based in part on the Durdens' statements that they were in possession of marijuana located at their residence. These statements were clearly sufficient probable cause for issuance of the warrant. See *Campbell v. State*, 226 Ga. 883 (178 SE2d 257) (1970); *Mitchell v. State*, 239 Ga. 456, 458 (238 SE2d 100) (1977) (magistrate may rely on information related by one officer to another officer who gives the affidavit).

The Durdens' version of the events was that the residence search was tainted by an illegal initial stop and coercive police conduct during their custodial questioning. On appeal we must accept the resolution of factual disputes, credibility and inconsistencies between the testimony of witnesses made by a trial judge at a suppression hearing, unless such determinations are clearly erroneous. *State v. Louis*, 185 Ga. App. 529, 530 (364 SE2d 896) (1988). Unless evidence in the record demands a finding to the contrary, the trial court's determination will not be reversed on appeal. *State v. Betsill*, 144 Ga. App. 267, 268 (240 SE2d 781) (1977). On the present record, we find no clear error in the trial court's refusal to grant the appellants' motion to suppress.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 1991 —
REHEARING DENIED MARCH 28, 1991 —

*Edea M. Caldwell*, for appellants.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney,* for appellee.

---

[2] Since the search was valid on probable cause grounds, we do not reach the issue of whether Mr. Durden consented to the search by giving the agent permission to "look in [his] car." Compare *State v. Diaz*, 191 Ga. App. 830 (383 SE2d 195) (1989) (consent to "look inside" automobile not consent to full-blown search of interior).