## A04A1587. KINDER v. THE STATE.

(603 SE2d 496)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Timothy Leonard Kinder, Jr. guilty of possession of marijuana with intent to distribute. Kinder appeals, asserting that the trial court erred in denying his motion to suppress. For reasons that follow, we disagree and affirm.

When reviewing the denial of a motion to suppress, we construe the evidence presented both at the suppression hearing and at trial in a light favorable to upholding the trial court's findings and judgment.[1]

Viewed in this manner, the hearing on the motion to suppress shows that on July 18, 2003, Deputy Chip Nix of the Decatur County Sheriff's Office executed a search warrant for drugs at the residence of Donterrius Faison. Upon entering the residence, Nix "patted-down" Kinder, a visitor at the residence, for weapons in order to ensure the safety of the people in the residence and the officers conducting the search. While in the process of patting down Kinder, Nix felt what he immediately believed to be marijuana inside a plastic bag. He reached into that pocket and pulled out 15 "dime bags" of marijuana. Nix then arrested Kinder for possession of marijuana with intent to distribute.

On appeal, Kinder argues that the trial court erred in failing to grant his motion to suppress because: (a) the State failed to show that the pat-down of his person was lawful and (b) even if the pat-down was lawful, the officer exceeded its lawful scope by reaching into his pocket to retrieve something other than an apparent weapon.

We recognize that "[w]hen executing a search warrant, it is illegal to search a person not named in the warrant but found on the premises to be searched, without independent justification for a personal search."[2] However, we have consistently held that "[i]t is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed."[3] Because of Nix's uncontroverted testimony that he was attempting to determine whether Kinder was armed and to search Kinder for safety purposes, Nix's initial search of Kinder was well within the parameters of permissible action.

---

[1] See *Self v. State*, 245 Ga. App. 270, 272-273 (2) (537 SE2d 723) (2000).

[2] (Footnote omitted.) *State v. Holmes*, 240 Ga. App. 332, 333 (525 SE2d 698) (1999).

[3] (Citation, punctuation and footnote omitted.) *Jones v. State*, 237 Ga. App. 847, 850 (2) (515 SE2d 841) (1999).

We reject as well Kinder's argument that the legal scope of the pat-down was exceeded because the substance was not immediately identifiable as contraband. As held by the Supreme Court of the United States:

> [i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.[4]

Nix testified that in the course of his initial pat-down of Kinder he felt what he "believed to be marijuana inside of another plastic bag." Nix further testified that over the course of his seven years of law enforcement experience he has felt marijuana in "several people's pockets like that before." Nix also testified that he was able to determine how the marijuana was packaged. Furthermore,

> [i]t was unnecessary for the officer to conclusively identify what type of drug [Kinder] was carrying in order for the "plain feel" doctrine to make the seizure of the contraband lawful. Under the plain feel doctrine, the officer was entitled to seize the item and the evidence was properly admitted. He was not compelled to ignore what was apparent to him upon feeling the object and to walk away instead.[5]

Accordingly, the trial court properly denied Kinder's motion to suppress.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED AUGUST 11, 2004.

*Robert R. McLendon IV*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[4] (Footnote omitted.) *Minnesota v. Dickerson*, 508 U. S. 366, 375-376 (II) (B) (113 SC 2130, 124 LE2d 334) (1993).

[5] (Citations and punctuation omitted.) *Tukes v. State*, 236 Ga. App. 77, 79 (2) (a) (511 SE2d 534) (1999).