**STATE of Iowa, Plaintiff–Appellee,**

v.

**Andrew Mark HARRIMAN, Defendant–Appellant.**

**No. 06–1309.**

Court of Appeals of Iowa.

May 23, 2007.

Mark C. Smith, State Appellate Defender, and James G. Tomka, Assistant Appellate Defender, for appellant.

---

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

Considered by MAHAN, P.J., and EISENHAUER and BAKER, JJ.

MAHAN, P.J.

## I. Background Facts and Proceedings.

Officer Albert Bovy stopped a vehicle in Waterloo because of a defective muffler. Andrew Harriman was sitting in the front-passenger seat of the vehicle with his hand in his pant pocket. Bovy told Harriman to remove his hand from the pocket. After discovering the driver was driving while barred, Bovy arrested the driver and placed him in the back of the patrol car. When Bovy returned to the vehicle, he asked Harriman to exit the car and place his hands on the trunk. Harriman once again put his hand in his right front pocket, and Bovy gave him a firm warning to keep his hands out of his pockets. Bovy then proceeded to frisk the outside of Harriman's clothing. Bovy discovered a bulge in Harriman's right front pocket that felt like sand in a plastic bag. When Harriman did not respond to Bovy's inquiry about the contents of his pocket, Bovy reached into the pocket and removed two plastic bags full of narcotics. Harriman was arrested, and a subsequent search revealed a large bundle of cash and a metal container with another bag of narcotics. Later testing revealed the plastic bags contained more than nine grams of amphetamine.

Harriman filed a motion to suppress, contending the weapons frisk was an unconstitutional search of his person. The court denied this motion and, after a full jury trial, Harriman was convicted of possession of five or more grams of amphet-amine with intent to deliver and failure to affix a drug tax stamp.

On appeal, Harriman claims the trial court erred in denying his motion to suppress because the weapons frisk exceeded the scope of the "plain feel" exception to the warrant requirement as articulated in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

## II. Standard of Review.

In reviewing an alleged violation of a constitutional right, we review de novo the totality of the circumstances as shown by the entire record. *State v. Vincik*, 436 N.W.2d 350, 353 (Iowa 1989). We are not bound by the district court's determinations, but we may give deference to its credibility findings. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001). In reviewing the district court's ruling, we consider both the evidence presented at the suppression hearing and that introduced at trial. *Id.* The adverse ruling on defendant's motion to suppress preserved error for our review. *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998).

## III. Merits.

Harriman does not challenge the stop or the justification for the weapons search. Instead, Harriman contends Officer Bovy exceeded the permissible scope of a weapons frisk, as set forth in *Dickerson*, by lingering and manipulating an object in his pocket after determining the object was not a weapon.

In *Dickerson*, the United States Supreme Court set forth the "plain feel" exception to the warrant requirement:

If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the

officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

508 U.S. at 375–76, 113 S.Ct. at 2137, 124 L.Ed.2d at 346; *cf. State v. Scott,* 518 N.W.2d 347, 348 (Iowa 1994) (applying *Dickerson* to a factual situation where the searching officer did not immediately identify the object as contraband). The Court then applied this test to an officer's authorized "pat down search" for weapons on Dickerson. *Id.* at 374, 113 S.Ct. at 2136, 124 L.Ed.2d. at 344. The search revealed no weapons, but the officer took an interest in a small lump in Dickerson's nylon jacket. *Id.* at 369, 113 S.Ct. at 2133, 124 L.Ed.2d. at 341. The officer "examined" and "slid" the object with his fingers until he concluded it felt like a lump of crack cocaine. *Id.,* 113 S.Ct. at 2133, 124 L.Ed.2d. at 341. The officer than reached into the defendant's pocket and retrieved a small plastic bag containing one fifth of one gram of crack cocaine. *Id.,* 113 S.Ct. at 2133–34, 124 L.Ed.2d. at 341. The Court found the plain feel exception inapplicable to the facts at hand, noting the continued exploration of the defendant's pocket, after the officer had concluded there was no weapon, was unrelated to the "sole justification" of the search—the protection of the police officer and others nearby. *Id.* at 378–79, 113 S.Ct. at 2139, 124 L.Ed.2d. at 347–48. The Court found that "squeezing, sliding, and otherwise manipulating the contents of the defendant's pocket," after the officer certainly knew the item was not a weapon, constituted a "further search, one not authorized by *Terry* or by any other exception to the warrant requirement." *Id.,* 113 S.Ct. at 2138–39, 124 L.Ed.2d at 347–48. Because this "further search" was constitutionally invalid, the court found the seizure of the co-caine likewise unconstitutional. *Id.,* 113 S.Ct. at 2138–39, 124 L.Ed.2d at 347–48.

Harriman contends Officer Bovy's actions similarly went beyond the authorized weapons search when he "manipulated" the item in his pocket after he had already determined it was not a weapon. Harriman points to an eight-second span of the patrol car's onboard surveillance video to support his argument that Bovy manipulated the item in his pocket. After viewing the video, we, like the district court, are unable to find evidence of such manipulation. Officer Bovy's actions are blocked by Harriman's body, and therefore we are unable to discern whether his hands lingered over Harriman's front pant pocket.

While the video tape is inconclusive, Officer Bovy's testimony at the suppression hearing is clear:

Q. And when you felt that item, what did you believe it to be? A. I believed it to be narcotics.

Q. Why is that? A. Because in my past experience that is the feel that I have run across many times in the—in the past.

Q. And did you have to manipulate or run your hand over and over again or go into that pocket to identify that object of—as being a narcotic in a bag? . . . A. No, I did not.

. . . .

Q. As far as that goes, the feeling of powder in a plastic baggie, did you believe it was anything else but controlled substances such as methamphetamine or cocaine at that point? A. From all the indicators, the way the defendant was acting, his actions of going into that pocket and the feel of the item in the pocket, I had no doubt in my mind that it was narcotics.

It was immediately apparent to Bovy, upon performing the pat down, that the object

in Harriman's pocket was a controlled substance.[1]  We find no evidence of "squeezing, sliding, [or] otherwise manipulating" the item in his pocket.  Because the identity of the contraband was immediately apparent, there is no support for Harriman's claim that Bovy conducted a further search *after* he determined the item was not a weapon.  We conclude the contraband was properly discovered pursuant to the plain-feel exception to the warrant requirement.  Therefore, the district court was correct in denying Harriman's motion to suppress.

**AFFIRMED.**

---

**1.**  In *Dickerson*, the lump felt by the officer was one fifth of one gram of crack cocaine. 508 U.S. at 369, 113 S.Ct. at 2133–34, 124 L.Ed.2d. at 341.  In the present case, the lump felt by the officer was more than six and a half grams of amphetamine.