A07A1410. LESTER v. THE STATE.
(651 SE2d 766)

RUFFIN, Judge.

Following a bench trial on stipulated facts, the trial court found Rodney Karrell Lester guilty of possessing cocaine with intent to distribute, possessing a knife during the commission of a crime, theft by receiving a firearm, and possessing a firearm as a convicted felon. Lester appeals, arguing that the trial court erred in denying his motion to suppress. For reasons that follow, we affirm.

In reviewing the denial of a motion to suppress, we construe the evidence in a light most favorable to the trial court's findings and judgment.[1] Viewed in this manner, the evidence shows that on April 10, 2006, Sergeant Jamie Gianfala of the Cherokee County Sheriff's Department responded to a 911 call from a citizen regarding a "fight in progress" in which a man was attempting to pull a woman into a car. Gianfala's dispatcher provided a description of the people involved and the car, as well as the car's license tag number and its location in a parking lot near the police precinct.

Gianfala found the described car parked in the parking lot. Lester was in the driver's seat, a woman was in the front passenger seat, and another woman was seated in back. When Gianfala arrived, the front seat passenger stepped out and approached him, asserting

---

[1] See *Kinder v. State*, 269 Ga. App. 99 (603 SE2d 496) (2004).

that she and Lester had been arguing, but that "it wasn't . . . a big deal." Although she admitted that Lester had tried to pull her into the car, she stated that he did not intend to hurt her.

Believing that the woman was "down-playing the incident" so that he would leave, as often occurs in domestic violence situations, Gianfala continued his investigation. He approached Lester and immediately noticed that Lester appeared nervous, repeatedly looking around the parking lot and patting his pocket with his hand. Lester asserted that he and the woman had an argument that was "no big deal," that he had placed his hand on her to get her back in the car, and that he did not try to hurt her.

Concerned by Lester's nervousness and behavior, Gianfala asked for consent to pat him down for weapons, and Lester agreed. During the pat-down, Gianfala felt a "hard rock-like . . . substance" inside Lester's right front pocket, and he determined, based on its feel and a "crunch" sound he heard, that it was contained inside a plastic bag. Gianfala testified that during his 15 years as a police officer, he had felt similar substances "numerous times" during pat-down searches and that the substance normally turned out to be "some type of narcotic" in a small plastic bag commonly used to transport drugs.

When Gianfala asked Lester whether he had anything in his pocket, Lester responded "no" and began moving away. Gianfala placed his hand around Lester's waistband, and Lester admitted that he had four rocks of crack cocaine in his pocket. Gianfala then seized a plastic bag containing suspected cocaine, as well as $250 in cash, from the pocket. Gianfala arrested Lester, who stated that additional cocaine could be found in the car. A search of the car revealed crack cocaine in the glove compartment, marijuana and cocaine in the purse belonging to the front seat passenger, a knife between the front seats, and a gun in the trunk.

Lester moved to suppress all evidence seized by the police, arguing that the search of his pocket and seizure of the cocaine was illegal. The trial court denied the motion, finding that Gianfala properly seized the cocaine pursuant to the plain feel doctrine. We agree.

As an initial matter, Gianfala was authorized to briefly detain Lester to investigate the report of a fight involving a man pulling a woman into a car.[2] The dispatch regarding the 911 call provided a description of the vehicle and persons involved, and Gianfala corroborated this information when he arrived at the scene. Under these

---

[2] See *State v. Harden*, 267 Ga. App. 381, 383 (599 SE2d 329) (2004); *State v. Gomez*, 266 Ga. App. 423, 425-426 (3) (597 SE2d 509) (2004).

circumstances, Gianfala had reasonable, articulable suspicion of criminal activity, justifying the brief detention.[3]

Moreover, the facts reported in the 911 call raised the possibility of a domestic violence situation, causing Gianfala concern for both the woman's safety and his own. Lester's nervous demeanor and behavior also concerned Gianfala, so he asked for and received consent to pat Lester down for weapons. On appeal, Lester asserts that his consent was not voluntary. But even absent consent, Lester's actions, as well as Gianfala's safety concerns, authorized the officer to frisk him.[4]

While patting down Lester's front pocket, Gianfala felt a hard, rock-like substance that appeared to be packaged in a plastic bag. Under the plain feel doctrine:

> [I]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.[5]

Although Gianfala could not specifically identify the substance during the pat-down, his experience in searching numerous other individuals led him to believe that the substance was a narcotic packaged in the customary way for drug transport. Gianfala " 'was not compelled to ignore what was apparent to him upon feeling the object and . . . walk away,' " but was authorized to reach into Lester's pocket and seize the cocaine.[6]

On appeal, Lester does not clearly challenge the legality of the subsequent search of his car, focusing instead on the search of his person. The evidence shows, however, that Lester told Gianfala that the car contained crack cocaine. Such admission gave Gianfala probable cause to search the entire car and to seize the cocaine, marijuana, and weapons found therein.[7]

We agree with the trial court that Gianfala was authorized to detain Lester for investigatory purposes; pat him down for weapons;

---

[3] See *Gomez*, supra; *Harden*, supra; compare *Ward v. State*, 277 Ga. App. 790, 792-793 (627 SE2d 862) (2006) (motion to suppress evidence seized during investigatory stop should have been granted where officer lacked reasonable, articulable suspicion for stop).

[4] See *Woods v. State*, 275 Ga. App. 340, 344 (1) (b) (620 SE2d 609) (2005).

[5] (Punctuation omitted.) *Kinder*, supra at 100.

[6] Id. See also *Bianco v. State*, 257 Ga. App. 289, 291-292 (570 SE2d 605) (2002); *Tukes v. State*, 236 Ga. App. 77, 79 (2) (a) (511 SE2d 534) (1999).

[7] See *Durden v. State*, 199 Ga. App. 397, 398-399 (405 SE2d 50) (1991).

seize the cocaine from his pocket under the plain feel doctrine; search his vehicle; and seize the contraband found during that search. Accordingly, the trial court properly denied Lester's motion to suppress.[8]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 28, 2007.

*Anthony J. Morgese*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.

