# IN THE COURT OF APPEALS OF IOWA

No. 20-1595
Filed November 3, 2021

**STATE OF IOWA,**
          Plaintiff-Appellant,

**vs.**

**EARNEST JONES HUNT, JR.,**
          Defendant-Appellee.
_____

          Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

          The State challenges an adverse ruling suppressing evidence obtained during a pat down for weapons. **REVERSED AND REMANDED.**

          Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellant.

          Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellee.

          Considered by Tabor, P.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Does an officer have to know the specific type of controlled substance he feels inside a plastic bag in a suspect's sweatshirt pocket—whether it is heroin, crack cocaine, or powder cocaine—in order to come within the plain-feel exception to the warrant requirement? We think not and accordingly reverse the district court's ruling granting Earnest Hunt Jr.'s motion to suppress evidence.

## I. Background Facts and Proceedings

In the early afternoon of Christmas Day 2019, Dubuque police lost sight of Hunt after observing him enter the passenger seat of a black Chevy Impala. They considered him a "person of interest" in a shooting that had occurred the day before. A half hour later, Investigator Chad Leitzen was on patrol in an unmarked car when he spotted the Chevy driving out of an alley. While following the vehicle, Leitzen noticed the driver turn without signaling. He initiated a traffic stop after notifying dispatch of his location.

Once the vehicle pulled over, Leitzen approached the passenger side with his gun drawn. He recognized Hunt in the front passenger seat. Because Hunt was a possible suspect of a gun-related crime, Leitzen "ordered him to keep his hands up on the dash" in case he still had a weapon on him. The investigator had to repeat that order several times because Hunt kept bringing his hands down to rub them against his pants pockets. Hunt appeared "extremely nervous" and repeatedly questioned whether he was under arrest. The investigator informed him that he was only being detained as part of an ongoing investigation.

About a minute passed before four other officers arrived on the scene. At that time, Investigator Leitzen asked Hunt to step out of the vehicle. Fearing Hunt

might be armed because of his nervous behavior, Leitzen handcuffed him and asked for permission to search his pockets. When Hunt said no, Leitzen conducted a limited search of his outer clothing for weapons.

During the pat down, Leitzen felt a plastic bag containing "small plastic or small hardballs, packaged balls" inside Hunt's right sweatshirt pocket. He could hear the "crunch of the plastic bag" and feel the "small individual hard packages inside." As an experienced investigator with the Dubuque Drug Task Force, Leitzen "immediately knew that it was packaged drugs for sale inside of a plastic bag" because the texture matched "how cocaine, crack cocaine, or heroin are packaged for sale in Dubuque." When he removed the bag from Hunt's pocket, he found ten small plastic bags of what he believed to be crack cocaine.[1] Based on that discovery, Hunt was arrested for possession of crack cocaine with intent to deliver. *See* Iowa Code § 124.401(1)(c)(3) (2019).

After advising Hunt of his *Miranda* rights, Investigator Leitzen asked him if the small plastic bags contained powder or crack cocaine. The investigator had started questioning his initial inclination after jiggling the objects inside the bags and feeling them more carefully. He noticed one of the bags "had a square or a rectangular pill" inside it, which was uncommon in bags of crack cocaine. Hunt

---

[1] On cross-examination at the suppression hearing, Investigator Leitzen admitted, "I did not know what type of drugs they were, I just knew they were packed drugs." He believed the substance could be heroin or cocaine. Even in the latter category, Leitzen did not know whether the substance was crack or powder cocaine. He eventually concluded the substance was crack cocaine based on his knowledge that "[c]rack cocaine dealers typically carry multiple baggies of crack cocaine on their person at any given time so they can sell the crack cocaine to users when the users place an order with them."

replied it was powder cocaine that he had just bought from a friend for his personal use. Lab testing later confirmed the bags contained crack cocaine.

The State charged Hunt with possession with intent to deliver "40 grams or less of a mixture or substance containing a detectable amount of cocaine base 'crack.'" Hunt moved to suppress that evidence, contending the search of the bag in his pocket violated the Fourth Amendment of the Federal Constitution and article I, section 8 of the Iowa Constitution. He did not challenge the stop or the weapons search. Rather, he alleged the investigator could not remove the bag from his pocket after determining it was not a weapon because there was no probable cause to support the further search and no exceptions to the warrant requirement applied. Specifically, Hunt argued the plain-feel exception did not justify the search, asserting the evidence showed it was not immediately apparent to the investigator that the bag in his pocket contained contraband.

The district court agreed, finding the State failed to prove the investigator had probable cause to further search Hunt's pocket for illegal drugs. In granting the motion to suppress, the court held the removal of the bag from Hunt's pocket exceeded the plain-feel doctrine under *Minnesota v. Dickerson*, 508 U.S. 366 (1993). The court reasoned: "The item in [Hunt's] pocket could have been anything, and Leitzen's testimony that he knew it was drugs lacked sufficient explanation as to how and why he knew that to be true." Continuing that rationale, the court added:

> Leitzen did not know exactly what was in the bags he thought he felt. As evidenced by his testimony and the body camera footage of officers on the scene, Leitzen was not sure of the nature of the substance in the bags *even after* he had removed them and was examining them by feel and sight.

Given what it considered to be the lack of specificity in the investigator's testimony, the court decided the "immediately apparent" element of the plain-feel exception had not been satisfied.

After its motion to reconsider was denied, the State sought discretionary review. Our supreme court granted the State's request and stayed the proceedings pending resolution of this appeal. *See* Iowa Code § 814.5(2)(b) (2021).

## II. Scope and Standard of Review

Because Hunt's motion to suppress raised both state and federal constitutional issues, we review the State's challenge to the suppression ruling de novo. *See State v. Baker*, 925 N.W.2d 602, 609 (Iowa 2019). In doing so, we independently evaluate the totality of the circumstances as shown by the record. *Id.* We defer to the district court's fact findings, especially on the credibility of witnesses, but they do not dictate our outcome. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

## III. Analysis

The State contends the district court erred in determining the search of Hunt's pocket did not fall under the plain-feel exception to the warrant requirement. According to the State, the court wrongly imposed a higher standard than probable cause by finding the investigator had to know "exactly what was in the bags" to lawfully seize them. In its view, the court placed undue weight on the fact that the investigator did not know whether the drugs in Hunt's pocket were heroin, powder cocaine, or crack cocaine. Even without that knowledge, the State

asserts probable cause was established once the investigator recognized the bags were "packaged drugs for sale." We agree.

Both the Fourth Amendment and article I, section 8 prohibit law enforcement officers from conducting unreasonable searches and seizures.[2] *Tyler*, 830 N.W.2d at 291. Warrantless searches are per se unreasonable unless the State can establish by a preponderance of the evidence that the search falls within a recognized exception to the warrant requirement. *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001). The exception relied on by the State is the plain-feel exception, which was adopted by the United States Supreme Court in *Dickerson* as follows:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity *immediately apparent*, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

508 U.S. at 372 (emphasis added). As a limitation, the nature of the object must be identifiable without "squeezing, sliding, and otherwise manipulating the contents of the defendant's pocket." *State v. Harriman*, 737 N.W.2d 318, 320 (Iowa Ct. App. 2007) (quoting *Dickerson*, 508 U.S. at 378). And the State must still prove "the officer ha[d] probable cause to believe that the item [was] contraband before seizing it." *Id.*

---

[2] Because the State does not argue we should apply a different standard under the state constitution than its federal counterpart, "we will apply the general standards as outlined by the United States Supreme Court for addressing [its] search and seizure challenge under the Iowa Constitution." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013).

After conducting a de novo review of the record, we find the district court erred in concluding the plain-feel exception did not apply. As the State points out, nothing in the record shows the investigator manipulated the contents of the bag in Hunt's pocket before determining it was likely contraband. To the contrary, the investigator testified he "immediately knew that it was packaged drugs for sale" inside of Hunt's pocket after hearing "the crunch of the plastic bag" and feeling "a ton" of small, individual packages while patting down his outer clothing.

While the district court believed those observations "lacked sufficient explanation as to how and why [the investigator] knew that to be true," we have routinely credited similar testimony in our cases upholding the seizure of evidence under the plain-feel doctrine. *See, e.g.*, *State v. Sherrod*, No. 08-1136, 2009 WL 2170212, at *3 (Iowa Ct. App. July 22, 2009) (relying on testimony that officer "absolutely" believed the object in defendant's beltline was cash in finding that evidence admissible in a robbery case); *Harriman*, 737 N.W.2d at 320 (concluding it was immediately apparent the defendant had narcotics in his pocket from officer's testimony that, based on his experience, the object he felt was narcotics); *State v. Cain*, No. 04-0167, 2005 WL 598791, at *4 (Iowa Ct. App. Mar. 16, 2005) (finding officer credible in his testimony that he believed the pipe in defendant's pocket was drug paraphernalia). That deference is appropriate when, as here, the investigating officer has expertise in drug investigations and can distinguish the different packaging and textures of controlled substances. *See State v. Carey*, No. 12-0230, 2014 WL 3928873, at *6 (Iowa Ct. App. Aug. 13, 2014); *see also Texas v. Brown*, 460 U.S. 730, 742 (1983) ("[T]he evidence thus collected must be

seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.").

At the suppression hearing, Investigator Leitzen explained that he could identify the contents of Hunt's pocket as contraband because it was common for drug dealers in the area to carry small packages of drugs inside a larger plastic bag. He described that method as being "almost invariably how cocaine, crack cocaine, or heroin are packaged for sale in Dubuque." With seven years of experience in handling drug cases, Leitzen determined Hunt had at least one of those controlled substances in his pocket. That belief was reasonable given his knowledge of the drugs commonly sold in the area and should have been considered by the district court in deciding whether the incriminating nature of the bag was immediately apparent to the investigator.

Instead, the court determined the lack of specificity in Leitzen's testimony showed he was unsure the bag contained contraband. But the investigator acknowledged that "[he] did not know what type of drugs they were, [he] just knew they were packed drugs." We agree with the State that he did not need to pinpoint the specific *type* of drug to rely on the plain-feel exception. Immediately apparent is not synonymous with absolute certainty. *Brown*, 460 U.S. at 741. The test under *Dickerson* is simply whether the officer had probable cause to believe the item seized was contraband. 508 U.S. at 376. The question then boils down to what constitutes probable cause. Probable cause is a "flexible, common-sense standard," requiring only "that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband." *State v. Banks*, No. 11-0429, 2012 WL 652444, at *4 (Iowa Ct. App.

Feb. 29, 2012) (quoting *Brown*, 460 U.S. at 742). Given that standard, it was error for the district court to conclude the investigator lacked probable cause just because "[he] did not know exactly what was in the bags he thought he felt." *Accord Brown*, 460 U.S. at 742 (finding sufficient probable cause when an officer believed an opaque balloon in a suspect's hand contained an illicit substance based on knowledge that such balloons were commonly used to package narcotics); *Lester v. State*, 651 S.E.2d 766, 768 (Ga. Ct. App. 2007) (holding plain-feel exception applied even though the officer "could not specifically identify the substance during the pat-down" but because of his experience knew it "was a narcotic packaged in the customary way for drug transport").

Although Hunt recognizes that absolute certainty is not the standard for probable cause, he claims the incriminating nature of an object cannot be immediately apparent when an officer is torn between multiple-choice options. He borrows that language from another one of our unpublished opinions, *State v. Ericson*, No. 14-1746, 2016 WL 719178, at *2 (Iowa Ct. App. Feb. 24, 2016). But these facts are different. In *Ericson*, the officer felt a lump in the defendant's pocket that he believed could be "either drugs or maybe a component of a weapon, like a bullet or something like that." *Id.* at *2. Because the officer did not know whether the object was a weapon or contraband before removing it from the defendant's pocket, we held the search was not justified under the plain-feel exception. *Id.*

Here, Investigator Leitzen testified he was certain the bag he felt in Hunt's pocket contained illegal drugs. His inability to determine whether the drug was heroin, powder cocaine, or crack cocaine did not discredit that belief. Because the record contains no evidence suggesting the investigator manipulated the bag *while*

the bag was in Hunt's pocket,[3] the seizure of the crack cocaine fell within the scope of the plain-feel exception. Thus, we reverse the grant of Hunt's motion to suppress and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[3] The district court improperly focused on defense counsel's line of questioning during cross-examination concerning Investigator Leitzen's actions *after* identifying the items as contraband and removing them from Hunt's pocket. It is irrelevant whether the investigator manipulated the bags at that later time because the plain-feel exception kicks in only if the incriminating nature is discovered during a lawful pat down. *Dickerson*, 508 U.S. at 376–77.