## A01A0149. THE STATE v. HAMMANG.
(549 SE2d 440)

BARNES, Judge.

The State appeals the trial court's grant of Jamie Sue Hammang's motion to suppress evidence obtained after a police officer stopped Hammang's car, including breath test results showing blood alcohol contents of 0.057 and 0.060. For the reasons set forth below, we reverse.

The State charged Hammang with three counts: driving under the influence of alcohol to the extent that she was a less safe driver (OCGA § 40-6-391 (a) (1)), driving with more than 0.02 percent blood alcohol content while under the age of twenty-one (OCGA § 40-6-391 (k)), and driving without her headlights on (OCGA § 40-8-22). The arresting officer testified that he stopped Hammang because he saw her drive through a poorly lit intersection without her headlights on. He further testified that it was almost dark outside and all the other cars in view had their headlights on. Hammang did not testify at the suppression hearing.

The trial court granted Hammang's motion to suppress, finding that the officer stopped her at "approximately 9:00 p.m."; that sunset that day was 8:34 p.m.; that Hammang "was not required to have her headlights on until 9:04 p.m."; and that "therefore there was no reasonable articulable suspicion for the stop."

When the evidence is uncontroverted and no issues of witness credibility are presented, we review de novo the trial court's application of the law to undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). "If the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute." *McConnell v. State*, 188 Ga. App. 653, 654 (1) (374 SE2d 111) (1988). "The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing." (Citations and punctuation omitted.) *State v. Webb*, 193 Ga. App. 2, 3-4 (1) (386 SE2d 891) (1989).

"No purpose of deterrence would be served by suppressing the evidence found in this case, which was the product of a stop prompted by the officer's legitimate concern for public safety." *State v. Armstrong*, 223 Ga. App. 350, 353 (2) (477 SE2d 635) (1996). The police officer presented specific and articulable facts that justified a limited inquiry, and therefore the State demonstrated "some basis from which the court can determine that the detention was not pretextual, arbitrary or harassing, and not based upon mere inclina-

tion, caprice, or a 'hunch' by law enforcement." Id. The trial court's grant of Hammang's motion to suppress is reversed.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 14, 2001 —
RECONSIDERATION DENIED JUNE 4, 2001

*Gerald N. Blaney, Jr., Solicitor-General, Staci B. Melton, Gary S. Vey, Assistant Solicitors-General,* for appellant.
*William R. Carlisle,* for appellee.