### A01A1414. NELSON v. THE STATE.
(556 SE2d 527)

ANDREWS, Presiding Judge.

David L. Nelson appeals from the trial court's denial of his motion to suppress and in limine and motion for new trial after entry of judgment of conviction following the jury's verdict of guilty of driving with an unlawful level of alcohol (OCGA § 40-6-391 (a) (5)) and possession of marijuana (OCGA § 16-13-2 (b)).[1]

Nelson contends that the trial court erred in denying his motion to suppress and in limine regarding the results of his Intoximeter tests and the marijuana found on him after his arrest, arguing that

---

[1] Nelson was convicted of DUI (OCGA § 40-6-391 (a) (1)) and DUI endangering a child (OCGA § 40-6-391 (l)), but these counts were merged for sentencing with the driving with unlawful level count.

the stop was not authorized under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

> On appeal from a motion to suppress, the evidence is viewed in a light most favorable to upholding the trial court's judgment. The credibility of witnesses and the weight accorded their testimony "rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony." (Citation and punctuation omitted.) *Anderson v. State*, 267 Ga. 116, 118 (2) (475 SE2d 629) (1996).

*Taylor v. State*, 239 Ga. App. 858 (522 SE2d 266) (1999).

Viewed in this light, the record reveals the following. On January 19, 2000, Cobb County Officer Warren was on patrol in a marked vehicle when he encountered the vehicle driven by Nelson. As Officer Warren followed Nelson's vehicle, he noticed the passenger and Nelson engaging in a verbal argument almost "to the point where some punches might be thrown." He based this conclusion on his observation of quick hand movements and head movements of the two. The passenger's hand was only a few inches from Nelson's face, and Officer Warren thought blows were about to be struck. The vehicle was also drifting in its lane. Because he was concerned for the safety of the occupants and the general public, Officer Warren initiated a stop of the vehicle. Although, based on his 12 years experience, Officer Warren was also concerned that the drifting might indicate driving under the influence, he acknowledged that this was not the premise for his stop. He approached the vehicle and noticed a strong odor of alcohol as he approached Nelson on the driver's side. He asked Nelson for his driver's license and proof of insurance. Nelson fumbled some, but produced his driver's license. Although he had taken out his insurance card, he put it in his lap until the officer again requested it and asked Nelson to get out of the vehicle. As Nelson got out, he was unsteady on his feet and his speech was mumbled.

Officer Warren then conducted field sobriety tests, including the alphabet, walk and turn, one-leg stand, and horizontal gaze nystagmus tests. Nelson forgot various letters and was unable to complete the alphabet; was initially unable to keep his balance on the walk and turn; and could not keep his balance on the one-leg stand. He had "extreme nystagmus," and tested positive on the alco-sensor. Nelson was placed under arrest.

A ten-year-old boy was found in the backseat, the son of the front seat passenger. Upon inventorying the vehicle, a smoking pipe containing suspected marijuana and a bag of suspected marijuana were found on the driver's side. Also, upon searching Nelson incident to his

arrest, Officer Warren found a suspected marijuana "joint" in Nelson's shirt pocket.

Nelson registered 0.100 and 0.103 on the Intoximeter 5000, and the suspected substances tested as marijuana.

1. We consider first the issue of denial of Nelson's motion to suppress and in limine, seeking to exclude all items obtained in the inventory search and search of Nelson, as well as the Intoximeter 5000 results and the test results on the marijuana.

Nelson's argument is that, since Officer Warren did not have a reasonable suspicion that Nelson was committing or about to commit a traffic violation, there could be no basis for a *Terry* stop. A traffic violation or reasonable suspicion concerning one, however, is not the touchstone of a *Terry* inquiry.

> Although an officer may conduct a brief investigative stop of a vehicle (see *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979)), such a stop must be justified by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, [supra at 21]. See also *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). The U. S. Supreme Court recognized the difficulty in defining "the elusive concept of what cause is sufficient to .authorize police to stop a person," and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has "a particularized and objective basis for suspecting the particular person stopped of *criminal activity*." *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981). "This demand for specificity in the information upon which police action is predicated is the central teaching of (the Supreme Court's) Fourth Amendment jurisprudence." *Terry v. Ohio*, supra at 21, n. 18.

(Emphasis supplied.) *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994). See also, e.g., *Durden v. State*, 199 Ga. App. 397, 398 (405 SE2d 50) (1991).

Therefore, denial of the motions on this basis was not error.

Further, the trial court concluded, and we concur, that the stop was appropriate because of the officer's concern for the car's occupants and the general public based upon his suspicion that a fight was about to break out in a moving automobile. "The State has inherent police power which ' "extends to the protection of the lives, health and property of the citizen. . . ." ' [*Veit v. State*, 182 Ga. App. 753, 756 (2) (357 SE2d 113) (1987).]" *State v. Forehand*, 246 Ga. App. 590, 592 (1) (542 SE2d 110) (2000). The stop was proper to investigate

whether the occupants were a threat to one another or the public at large. *State v. Hammang*, 249 Ga. App. 811 (549 SE2d 440) (2001); *State v. Armstrong*, 223 Ga. App. 350, 351 (477 SE2d 635) (1996).

2. The second and third enumerations of error, that there was insufficient evidence of the crimes charged and the trial court erred in denying Nelson's motion for new trial, both address the legal sufficiency of the evidence and are addressed together. *White v. State*, 233 Ga. App. 24, 25 (503 SE2d 26) (1998).

As reflected in the factual statement, supra, the evidence was legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED NOVEMBER 15, 2001.

*Wallace C. Clayton*, for appellant.
*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Sidney O. Smith III, Assistant Solicitors-General*, for appellee.