## A08A0753. THE STATE v. MARTIN.
### (662 SE2d 316)

RUFFIN, Presiding Judge.

Robert Martin was charged with driving under the influence and possessing methamphetamine. Martin moved to suppress evidence obtained during the traffic stop, and the trial court granted the motion. The State appeals. For reasons that follow, we affirm.

"In reviewing a motion to suppress, the evidence is construed most favorably to uphold the trial court's findings and judgment, and the court's findings on disputed facts and credibility will be adopted unless they are clearly erroneous."[1] Where, however, the evidence presented on motion to suppress is uncontroverted and no question exists regarding witness credibility, we review de novo a trial court's application of the law to the undisputed facts.[2]

Viewed in this manner, the evidence shows that on February 26, 2006, Corporal Brandon Gurley and another deputy from the Paulding County Sheriff's Department were traveling northbound on Highway 61 when they saw Martin, driving southbound, in a pickup truck. Both vehicles were traveling at approximately 55 miles per hour. According to Gurley, as he passed the truck, he witnessed what appeared to be "a pretty heated conversation" between Martin and the female passenger. Gurley stated that "[t]heir hands were flailing around in the vehicle. Their heads were jerking around as they were — it looked as if they were exchanging words and again flailing their arms around pretty aggressively inside the vehicle." Gurley then turned around and initiated a traffic stop for a domestic dispute because he was concerned "for the occupants of the vehicle as well as the public on the road."

As Gurley was driving behind the truck prior to the stop, he saw "that the driver and the passenger were moving around a good bit inside the vehicle." Gurley believed the two were attempting to conceal something inside of the pickup truck. Once the vehicle stopped, Gurley ordered Martin and the passenger to stop moving around because he was concerned for his safety. Gurley approached the truck and ordered Martin to step from the vehicle. Gurley then patted Martin down and began questioning him about the argument. Both Martin and the passenger denied that they had been in a

---

[1] *State v. Burns*, 238 Ga. App. 683 (520 SE2d 39) (1999).

[2] See *State v. Williams*, 281 Ga. App. 187, 188 (635 SE2d 807) (2006).

physical altercation.

The deputies ran a check of Martin's driver's license and the car registration to see if there were any outstanding warrants. While waiting for a response from dispatch, Gurley asked for consent to search the truck. According to Gurley, he was concerned that the truck contained a weapon. After receiving consent to search, Gurley's partner searched the truck and discovered methamphetamine. Both Martin and the passenger were then arrested for possessing methamphetamine, and Martin was also charged with driving under the influence of methamphetamine.

Although a law enforcement officer may conduct a brief investigative stop of a vehicle, the stop must be based upon reasonable, articulable suspicion.[3] And "[a]rticulable suspicion requires a particularized and objective basis for suspecting that a citizen is involved in *criminal* activity."[4] In determining whether an officer had the requisite " 'particularized and objective basis for suspecting the particular person stopped of criminal activity,' " we look to the totality of the circumstances.[5] Moreover, " '[t]he [S]tate bears the burden of presenting evidence that demonstrates a reasonable suspicion of criminal activity.' "[6] Here, the trial court found that the State did not meet its burden, and the record supports that court's findings.

Gurley testified that he stopped the car because he saw what appeared to be an argument, including flailing arms, in the cab of the pickup truck. However, the stop was videotaped, and it is apparent from the recording that Gurley's opportunity to view the altercation was fleeting at best. Although Gurley testified that he saw flailing arms, he did not say that he saw any blows being struck. And, as Gurley conceded on the stand, having an argument — even a heated argument — is not illegal. Significantly, Gurley did not testify regarding any potential traffic infraction, instead maintaining that the sole reason he stopped the vehicle was because of the argument. Under these circumstances, the trial court correctly found that Gurley lacked sufficient articulable suspicion of criminal activity to warrant stopping the vehicle.[7]

---

[3] See *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994).

[4] (Punctuation omitted; emphasis supplied.) *State v. Jones*, 289 Ga. App. 176, 178 (657 SE2d 253) (2008).

[5] *State v. Whelchel*, 269 Ga. App. 314, 315 (604 SE2d 200) (2004).

[6] *State v. Dixson*, 280 Ga. App. 260, 261 (633 SE2d 636) (2006).

[7] See *Whelchel*, supra at 314-315; *State v. Templeman*, 229 Ga. App. 6, 6-7 (492 SE2d 902) (1997).

The case cited by the State, *Nelson v. State*,[8] does not require a different result. In that case, the officer followed a vehicle in which he witnessed an ongoing altercation that involved the passenger's hand "only a few inches from [the driver's] face." The vehicle was also drifting in its lane. Under those circumstances, we found that the trial court was authorized to conclude that a brief investigative stop was permissible.[9] Here, however, Gurley saw arms "waving" in the vehicle, but he did not testify that either Martin or the passenger were making threatening gestures or that the argument was impairing Martin's ability to drive. Thus, *Nelson* is factually distinct.

The State also argues that the trial court erred in granting the motion to suppress as Martin consented to the search of the truck. But "consent cannot validate a search if the consent is the product of a wrongful detention."[10]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

### DECIDED MAY 16, 2008.

*Fred A. Lane, Jr., District Attorney, Paul E. Hemmann, Assistant District Attorney*, for appellant.

*Henrickson & Sereebutra, Aaron S. Henrickson*, for appellee.

---

[8]   252 Ga. App. 454 (556 SE2d 527) (2001).

[9]   See id. at 456 (1).

[10]   (Punctuation omitted.) *State v. Lanes*, 287 Ga. App. 311, 313 (651 SE2d 456) (2007).