A11A0722. GATTISON v. THE STATE.
(711 SE2d 25)

MCFADDEN, Judge.
After a bench trial, Derick Gattison was convicted of possessing less than one ounce of marijuana. Gattison appeals, asserting that the trial court erred in denying his motion to suppress evidence of marijuana seized after he was stopped by a police officer. Because the officer did not have a reasonable suspicion that Gattison was involved in criminal activity, the stop was not justified. Accordingly, we reverse.

"On reviewing a trial court's ruling on a motion to suppress,

evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous." (Citations and punctuation omitted.) *Stringer v. State*, 285 Ga. 842, 843 (2) (684 SE2d 590) (2009). In conducting such a review, "we must focus on the facts found by the trial court in its order, as the trial court sits as the trier of fact." (Emphasis omitted.) *Miller v. State*, 288 Ga. 286, 287 (1) (702 SE2d 888) (2010). Here, the trial court made the following findings of fact in its order:

> On or about January 12, 2010, at approximately 10:30 a.m., Officer Steven McLean with the City of Riverdale Police Department was on patrol at the intersection of Upper Riverdale Road and Baldwin Court, in Clayton County. Officer McLean testified he observed six males on the sidewalk in what appeared to be a heated debate or discussion. He testified that although he was unable to hear the conversation, their general body language and expressions indicated to him that it was not a typical conversation and things were becoming heated. Officer McLean believed a fight may ensue between the members of the group. The officer parked his patrol car in the roadway near the group and activated his blue lights as a safety precaution to other motorists. The group began to disperse upon observation of the officer. As Officer McLean approached the group of males on foot, he said for them to "come back" so he could speak with them. [Gattison] hesitantly complied. Officer McLean asked what were they doing there and [Gattison] stated they were talking about a recent shooting in the area. The officer asked [Gattison] if he had any weapons or contraband on him for the sake of his safety. [Gattison] admitted he had marijuana in his pocket. A green leafy substance of suspected marijuana was found in his pocket.

"[P]olice-citizen encounters are generally categorized into three tiers: consensual encounters [involving no restraint]; brief investigatory stops, which require reasonable suspicion; and arrests that must be supported by probable cause." (Citation omitted.) *Black v. State*, 281 Ga. App. 40, 43 (1) (635 SE2d 568) (2006). The trial court found, and the parties agree in their briefs, that Officer McLean conducted a second-tier investigatory stop by "not allowing [Gattison] to continue on his way away from [the officer's] questioning."

> During a second-tier encounter, a police officer, even in the absence of probable cause, may stop persons and detain

them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity. To stop a citizen, the officer must possess more than a subjective, unparticularized suspicion or hunch. The officer's action must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion, and the officer must have some basis from which the court can determine that the detention was neither arbitrary nor harassing.

(Citation, punctuation and emphasis omitted.) *Groves v. State*, 306 Ga. App. 779, 781 (703 SE2d 371) (2010). In this case, the trial court found that the officer had a reasonable suspicion that Gattison was engaged, or about to be engaged, in criminal conduct because "[i]t is undisputed that the body movements and actions between the members of the group indicated to Officer McLean that a heated discussion was escalating to a physical fight on a public street." Relying on *Nelson v. State*, 252 Ga. App. 454 (556 SE2d 527) (2001), for the proposition that a police officer has the inherent power to protect the lives, health and property of citizens, the trial court concluded that Officer McLean properly detained Gattison.

The trial court's reliance on *Nelson* is misplaced.

In that case, the officer followed a vehicle in which he witnessed an ongoing altercation that involved the passenger's hand only a few inches from the driver's face. The vehicle was also drifting in its lane. Under those circumstances we found that the trial court was authorized to conclude that a brief investigative stop was permissible.

(Citation and punctuation omitted.) *State v. Martin*, 291 Ga. App. 548, 550 (662 SE2d 316) (2008). The instant case, of course, does not involve a motor vehicle drifting in its lane as the driver was engaged in an ongoing altercation with a passenger. Moreover, contrary to the trial court's finding, there is no evidence that the discussion was actually escalating into a physical altercation, let alone undisputed evidence that the group's actions indicated to Officer McLean that a physical fight was imminent. The officer's actual testimony was that he *"wasn't sure* if it was something that was escalating into a fight," and "their body movements, facial expressions, . . . hands moving around a little bit, [were] kind of indicative of some kind of, you know, intense conversation, at least at a minimum." (Emphasis supplied.)

Thus, this case is factually distinct from *Nelson*, and is more

akin to *Miller*, supra. In that case, officers on patrol saw a group of six or seven men standing in a parking lot as one of the men applied tint to the window of a car that had no visible license plate. Id. at 287. The officers stopped their vehicle and approached the men on foot. Id. As the defendant began to walk away, one of the officers ordered him to stop, apprehended him and found cocaine in his pants pocket. Id. In reversing this court's ruling that the officer had a reasonable suspicion to justify the stop, the Supreme Court of Georgia upheld the trial court's findings that the officer never saw the defendant do anything illegal before the stop and that the stop was based on a mere hunch. Id. at 288-289.

Similarly, in this case, Officer McLean did not see Gattison do anything unlawful. As the officer conceded at the suppression hearing, there was nothing illegal about Gattison standing on a sidewalk at 10:30 in the morning, engaging in a discussion with others and walking away upon the officer's arrival. Indeed, the mere fact that Gattison walked away from the officer "did not create an objective articulable suspicion. . . . [A] citizen's ability to walk away from or otherwise avoid a police officer is the touchstone of a first-tier encounter. Such conduct may not provide the basis for elevating the encounter to a second-tier . . . stop." (Citations and punctuation omitted.) *Black*, supra at 46. Under the circumstances, the officer observed nothing more than lawful conduct that did not give him a reasonable articulable suspicion of criminal activity, and therefore the stop of Gattison was based on a mere hunch. See *Martin*, supra; *Miller*, supra. Accordingly, the trial court erred in denying the motion to suppress.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED APRIL 20, 2011.

*Sumeet P. Shah*, for appellant.
*Tasha M. Mosley, Solicitor-General, Linda N. Fleming, Assistant Solicitor-General*, for appellee.