**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 15, 2016**

# In the Court of Appeals of Georgia

A16A0322. PHILLIPS v. THE STATE.

MILLER, Presiding Judge.

Following a stipulated bench trial, Arthur Phillips was convicted of DUI per se (OCGA § 40-6-391 (a) (5)).[1] Phillips appeals, contending that the trial court erred in denying his motion to suppress evidence obtained during a traffic stop that resulted in Phillips's arrest. Specifically, Phillips argues that the arresting officer lacked a reasonable articulable suspicion to make the traffic stop. We disagree, and therefore we affirm.

> [There are] three fundamental principles which must be followed when conducting an appellate review of a trial court's ruling on a motion to suppress. First, when a motion to suppress is heard by the trial

---

[1] Phillips was acquitted of DUI less safe (OCGA § 40-6-391 (a) (1)), and the trial court dismissed a third charge of failure to maintain lane (OCGA § 40-6-48)).

judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon *conflicting evidence* are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. These principles apply equally whether the trial court ruled in favor of the State or the defendant.

(Citations and punctuation omitted; emphasis supplied.) *Brown v. State*, 293 Ga. 787, 802-803 (3) (b) (2) (750 SE2d 148) (2013); see also *Hughes v. State*, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015).

The trial court's application of the law to undisputed facts is subject to de novo review. See *State v. Palmer*, 285 Ga. 75, 78 (673 SE2d 237) (2009). Here, however, the controlling facts are *disputed* and the trial court has made express findings regarding those disputed facts. Accordingly, this Court is limited to those facts, and our standard of review requires us to accept the trial court's findings on those disputed facts, as well as the credibility of witnesses, unless they are clearly erroneous. *Hughes*, supra, 296 Ga. at 746 (1); *Fennell v. State*, 292 Ga. 834, 836 (2) (741 SE2d 877) (2013).

So viewed, the evidence presented at the motion to suppress hearing shows that on the night of August 2, 2012, the arresting officer, a Georgia State Trooper, was patrolling Forest Hill Road in Bibb County. The trooper came up behind Phillips's vehicle and followed Phillips through a series of curves before they approached a stop sign at the intersection of Wesleyan Drive. As Phillips approached the stop sign, he applied the brakes on his vehicle and crossed over the right fog line.

In its order denying Phillips's motion to suppress, the trial made the following factual findings:

> Mr. Phillips approached the stop sign at the intersection with Wesleyan Drive, [the trooper] observed Mr. Phillips cross the fog line. In his "DPS Incident Report" [the trooper] stated that he "observed a car that traveled into the edge of the grass." In his testimony at the hearing, he clarified that Mr. Phillips did not reach the grass but in his observation it appeared that the right side of Mr. Phillips' right tire crossed beyond the right side of the fog line. He then initiated a traffic stop. . . based upon the failure of Mr. Phillips to maintain his lane[.]

Moreover, with regard to the videotape of the stop from the trooper's dashboard camera, the trial court specifically found that:

> In this case, the video clearly shows Mr. Phillips's vehicle going to the right before the stop sign. The tires, at a minimum, reach the fog line, but the clarity of the video does not enable the [c]ourt to make an

3

independent determination as to how far the tires crossed onto and/or over the fog line. The video does not prove or disprove [the trooper's] description of what he perceived while observing Mr. Phillips on the night of August 2, 2012, and the [c]ourt finds the testimony of [the trooper] to be credible as to what he perceived.

In his sole enumeration of error, Phillips argues that the trooper had no particularized and objective basis for suspecting that Phillips had committed a crime and, therefore, the stop was not justified. We disagree.

There is no violation of the Fourth Amendment protection against unreasonable searches and seizures where a police officer stops a person to investigate the officer's reasonable suspicion "that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (101 SCt 690; 66 LEd2d 621) (1981); *Terry v. Ohio*, 392 U.S. 1, 9 (88 SCt 1868; 20 LEd2d 889) (1968). See also *Whren v. United States*, 517 U. S. 806, 810 (II) (116 SCt 1769; 135 LE2d 89) (1996) ("An automobile stop is thus subject to the constitutional imperative that it not be unreasonable under the circumstances.") (citation omitted). To establish reasonable suspicion to make an investigative stop, the totality of the circumstances must show that the officer had "specific and articulable facts which, taken together with rational inferences from those facts . . . [provided] a particularized and objective

4

basis for suspecting the particular person stopped of criminal activity." *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994) (punctuation omitted). An officer's observation of a traffic violation justifies a brief investigatory stop. *Camacho v. State*, 292 Ga. App. 120, 122 (663 SE2d 364) (2008); *Parker v. State*, 307 Ga. App. 61, 62 (1) (704 SE2d 438) (2010).

In this case, the issue of whether Phillips crossed the fog line is clearly disputed. The trooper testified that Phillips crossed the fog line as he approached a stop sign, and Phillips claims that he did not. Moreover, our own review of the video shows that it is dark and confirms that the video does *not* conclusively prove or disprove either the officer's or Phillips's testimony. Because the video is inconclusive, we must review this evidence in the light most favorable to the trial court's findings and judgment. *Hughes*, supra, 296 Ga. at 746 (1); *Fennell*, supra, 292 Ga. at 836 (2).

Here, some evidence supports the trial court's findings that the officer's testimony was credible and that Phillips crossed the fog line – a violation of OCGA §§ 40-6-1 and 40-6-48. Accordingly, the trial court did not clearly err in finding that the officer had reasonable suspicion to initiate the traffic stop based on that traffic violation. See OCGA § 40-6-48 (1); *Camacho*, supra, 292 Ga. App. at 122

("[n]umerous cases have held that weaving out of one's lane justifies a stop"). We thus conclude that there was evidence to support the trial court's denial of Phillips's motion to suppress. Consequently, we affirm Phillips's conviction for DUI per se.

*Judgment affirmed. Ellington, P. J., Phipps, P. J., Dillard, Branch, McMillian, Mercier, and Peterson, JJ., concur. McFadden, J., Dissents*.

A16A0322. PHILLIPS v. THE STATE.

MCFADDEN, Judge, dissenting.

The video recording is not inconclusive. It clearly contradicts the officer's hearing testimony. I therefore respectfully dissent.

At the hearing, the officer testified that he initiated the stop "when [Phillips] crossed over [the] fog line and up to the edge of the grass[.]" He further testified that he would not stop a car for merely "drifting within a curve." The video recording, however, shows that Phillips was stopped immediately after his tire touched — but did not cross — the fog line. It most certainly does not show that Phillips drove "up to the edge of the grass".

7

It is true that the stop occurred at night. But the fog line is vividly illuminated by reflected light from the patrol car's headlights. And the contrasting black image of Phillips's tire is likewise clearly visible.

The majority correctly notes that our standard of review requires us to accept the trial court's findings on disputed facts and the credibility of witnesses, unless they are clearly erroneous. But we review de novo the trial court's application of the law to undisputed facts. "And significantly, to the extent that the controlling facts are disputed because they are plainly discernable from the patrol car-mounted video recording, as they are in this case, we review those facts de novo." *State v. Mosley*, 321 Ga. App. 236 (739 SE2d 106) (2013) (citations, punctuation, and footnote omitted). That de novo review conclusively shows that the officer's description of the events was inaccurate.

To initiate a stop, "an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." *State v. Simmons*, 283 Ga. App. 141, 143 (640 SE2d 709) (2006) (punctuation omitted). The burden of showing reasonable suspicion rests on the state. *State v. Martin*, 291 Ga. App. 548, 549 (662 SE2d 316) (2008). Given the video evidence to the contrary, the officer's testimony

8

that he saw Phillips cross the fog line and drive up to the edge of the grass shows, at best, that the officer made a mistake of fact.

It is not necessary to reach the question whether the stop could have been justified on the basis that Phillips merely drifted in his lane or that his tire merely touched the fog line. Phillips contends that this would not violate the relevant statute, OCGA § 40-6-48; and the state does not dispute that contention. But, the officer did not testify that he initiated the stop because Phillips touched the fog line. Instead, he testified that he initiated the stop because Phillips crossed the fog line and touched the grass. So this case does not present the question whether an officer made a reasonable mistake of law. See *State v. Hammang*, 249 Ga. App. 811 (549 SE2d 440) (2001) ("The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing.") (citation and punctuation omitted) .

Given the conflict between the officer's testimony and the video recording, the state's burden should be to show that it was reasonable for the officer to believe that Phillips had crossed the fog line even though Phillips had not done so. The state should be required to show that despite the undisputed evidence that Phillips did not

9

cross the fog line, the officer nevertheless initiated the stop in good faith. See *Valentine v. State*, 323 Ga. App. 761, 763 (1) (748 SE2d 122) (2013).

The issues of whether the arresting officer acted reasonably and initiated the stop in good faith "[give] rise to factual questions and issues of credibility that would be more properly decided by the trial court in this case." *Williams v. State*, 314 Ga. App. 840, 845 (4) (c) (726 SE2d 66) (2012) (citations omitted). Accordingly, I would vacate the trial court's judgment and remand the case to the trial court for further proceedings.