McFADDEN, Judge,
dissenting.
The video recording is not inconclusive. It clearly contradicts the officer’s hearing testimony. I therefore respectfully dissent.
At the hearing, the officer testified that he initiated the stop “when [Phillips] crossed over [the] fog line and up to the edge of the grass[.]” He further testified that he would not stop a car for merely “drifting within a curve.” The video recording, however, shows that Phillips was stopped immediately after his tire touched — but did not cross — the fog line. It most certainly does not show that Phillips drove “up to the edge of the grass.”
It is true that the stop occurred at night. But the fog line is vividly illuminated by reflected light from the patrol car’s headlights. And the contrasting black image of Phillips’s tire is likewise clearly visible.
The majority correctly notes that our standard of review requires us to accept the trial court’s findings on disputed facts and the credibility of witnesses, unless they are clearly erroneous. But we review de novo the trial court’s application of the law to undisputed facts. “And significantly, to the extent that the controlling facts are disputed because they are plainly discernable from the patrol car-mounted video recording, as they are in this case, we review those facts de novo.” State v. Mosley, 321 Ga. App. 236(739 SE2d 106) (2013) (citations, punctuation and footnote omitted). That de novo review conclusively shows that the officer’s description of the events was inaccurate.
To initiate a stop, “an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct.” State v. Simmons, 283 Ga. App. 141, 143 (640 SE2d 709) (2006) (punctuation omitted). The burden of showing reasonable suspicion rests on the state. State v. Martin, 291 Ga. App. 548, 549 (662 SE2d 316) (2008). Given the video evidence to the contrary, the officer’s testimony that he saw Phillips cross the fog line and drive up to the edge of the grass shows, at best, that the officer made a mistake of fact.
It is not necessary to reach the question whether the stop could have been justified on the basis that Phillips merely drifted in his lane or that his tire merely touched the fog line. Phillips contends that this *235 would not violate the relevant statute, OCGA § 40-6-48; and the state does not dispute that contention. But, the officer did not testify that he initiated the stop because Phillips touched the fog line. Instead, he testified that he initiated the stop because Phillips crossed the fog line and touched the grass. So this case does not present the question whether an officer made a reasonable mistake of law. See State v. Hammang, 249 Ga. App. 811 (549 SE2d 440) (2001) (“The question to be decided is whether the officer’s motives and actions at the time and under all the circumstances, including the nature of the officer’s mistake, if any, were reasonable and not arbitrary or harassing.”) (citation and punctuation omitted).
Decided July 15, 2016.
Phillips & Phillips, Arthur L. Phillips, for appellant.
Rebecca L. Grist, Solicitor-General, Sharell F. Lewis, Assistant Solicitor-General, for appellee.
Given the conflict between the officer’s testimony and the video recording, the state’s burden should be to show that it was reasonable for the officer to believe that Phillips had crossed the fog line even though Phillips had not done so. The state should be required to show that despite the undisputed evidence that Phillips did not cross the fog line, the officer nevertheless initiated the stop in good faith. See Valentine v. State, 323 Ga. App. 761, 763 (1) (748 SE2d 122) (2013).
The issues of whether the arresting officer acted reasonably and initiated the stop in good faith “[give] rise to factual questions and issues of credibility that would be more properly decided by the trial court in this case.” Williams v. State, 314 Ga. App. 840, 845 (4) (c) (726 SE2d 66) (2012) (citations omitted). Accordingly, I would vacate the trial court’s judgment and remand the case to the trial court for further proceedings.