**THIRD DIVISION**
**GOBEIL, J.,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2019**

# In the Court of Appeals of Georgia

A18A2110. STATE v. PERRY.

HODGES, Judge.

The State charged Christopher Dakota Perry with driving under the influence per se (OCGA § 40-6-391 (a) (5)), driving under the influence less safe (OCGA § 40-6-391 (a) (1)), failure to maintain lane (OCGA § 40-6-48 (1)), and open container (OCGA § 40-6-253 (b) (1) (B)). Perry moved to suppress the evidence against him, arguing there was not reasonable articulable suspicion for the traffic stop. Following a hearing, the trial court granted Perry's motion and suppressed all evidence obtained as a result of the traffic stop. The State now appeals.[1] For the reasons that follow, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

---

[1] See OCGA § 5-7-1 (a) (4)

Under Georgia law,

> [w]hen the facts material to a motion to suppress are disputed, it generally is for the trial judge to resolve those disputes and determine the material facts. If the trial court has made express findings of fact, we must accept those findings unless they are clearly erroneous, construe the evidentiary record in the light most favorable to the factual findings and judgment of the trial court, and limit our consideration of the disputed facts to those expressly found by the trial court. The trial court, however, is not required to make express findings of fact after a hearing on a motion to suppress. In such a case, we nevertheless construe the evidence most favorably to uphold the trial court's judgment.

(Citations and punctuation omitted.) *State v. Brogan*, 340 Ga. App. 232, 234 (797 SE2d 149) (2017).

So viewed, the record here shows that, in the early morning hours of March 18, 2017, an off-duty police officer reported a possible drunk driver, and a deputy with the Paulding County Sheriff's Department was dispatched to the area where the driver was last seen. Dispatch instructed the deputy to be on the look out ("BOLO") for a white male and white female in a white SUV with a particular license plate number. The deputy encountered Perry in a white SUV with a plate number matching the BOLO, and the deputy started following Perry. The deputy did not immediately pull Perry over in response to the BOLO because he believed that he did not yet have

2

justification to effectuate a traffic stop. The deputy testified that he pulled Perry over when he witnessed Perry "weaving over the roadway." As a result of the traffic stop, Perry was charged with DUI per se, DUI less safe, failure to maintain lane, and open container.

Perry filed a motion to suppress, arguing that he did not fail to maintain his lane, and thus the deputy did not have reasonable articulable suspicion for the stop. The deputy's pursuit of Perry was captured on his dash cam, and the video was played for the trial court at the hearing on Perry's motion to suppress. After reviewing the video, the trial court stated that it believed Perry operated his vehicle smoothly and indicated that it would grant Perry's motion. The written order entered by the trial court, however, contains no factual findings in support of its legal conclusion that the deputy lacked reasonable articulable suspicion for the stop.

The State argues on appeal that the trial court erred in granting Perry's motion to suppress. We agree.

"The Fourth Amendment protects a person's right to be secure against unreasonable searches and seizures." (Citation omitted.) *Sommese v. State*, 299 Ga. App. 664, 668 (1) (683 SE2d 642) (2009).

3

> As this Court and our Supreme Court have explained many times before, encounters between police officers and citizens come in three varieties, at least as far as the Fourth Amendment is concerned: encounters involving no coercion or detention, which are outside the purview of the Fourth Amendment altogether; brief seizures, which require an officer to have a reasonable suspicion of criminal wrongdoing; and custodial arrests, which require probable cause.

(Citation omitted.) *Culpepper v. State*, 312 Ga. App. 115, 118 (717 SE2d 698) (2011).

This case involves the second variety - a brief seizure.

> To establish reasonable suspicion to make an investigative stop, the totality of the circumstances must show that the officer had specific and articulable facts which, taken together with rational inferences from those facts provided a particularized and objective basis for suspecting the particular person stopped of criminal activity.

(Citation and punctuation omitted.) *Phillips v. State*, 338 Ga. App. 231, 233 (789 SE2d 421) (2016).

We must first address the standard of review to apply to the trial court's order in this case. Although we owe deference to the factual findings of the trial court on a motion to suppress, and when factual findings are made by the trial court we are restricted in our review to those findings, here, the trial court included no factual

4

findings in its order.[2] See *Hughes v. State*, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015). Thus, we "review de novo the [trial] court's application of the law to the undisputed facts." (Citation omitted.) *State v. Depol*, 336 Ga. App. 191 (784 SE2d 51) (2016).

In this case, the deputy was aware of a BOLO based upon a report of an off-duty police officer that the driver of Perry's vehicle, identified by license plate number, may be intoxicated.

> [P]articularized alerts issued by police officers for specifically described vehicles possibly involved in criminal activity have long served as a legitimate basis for investigatory stops. A dispatcher's report of a suspected intoxicated driver, containing details about the driver, the driver's vehicle, the driver's behavior, and the location where the behavior occurred, has been held to provide articulable suspicion authorizing a responding officer to detain the driver, even if the source of the report is a citizen or unidentified informant.

---

[2] At the suppression hearing, the trial court expressed that Perry did not fail to maintain his lane; however, the written order prepared by Perry's counsel and entered by the trial court did not contain any factual findings. "A trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment." (Citation omitted.) *Birchby v. Carboy*, 311 Ga. App. 538, 541 (3) (716 SE2d 592) (2011).

5

(Citation and punctuation omitted.) *Sims v. State*, 299 Ga. App. 871, 872 (683 SE2d 911) (2009). Accordingly, the BOLO provided the deputy with reasonable articulable suspicion to effectuate the traffic stop of Perry.

At the suppression hearing, however, the deputy testified that he did not believe the BOLO, by itself, gave him justification for the stop. This is of no consequence. An officer's subjective belief that he lacks authority to stop an individual "does not control where the facts objectively show the officer had such authority. Because we decide whether reasonable suspicion justifies a detention based on all the objective facts, we are not limited by the detaining officer's subjective opinions." (Citations and punctuation omitted.) *Cole v. State*, 254 Ga. App. 424, 426 (2) (562 SE2d 720) (2002) (officer's mistaken belief that defendant was free to leave at a certain point during the officer's interaction with him did not make continued detention of defendant illegal); see also *Oglesby v. State*, 311 Ga. App. 615, 618 (716 SE2d 742) (2011) ("[T]he pertinent inquiry is based upon the objective facts known to the officer at the time of the encounter, not his post-hoc characterizations or opinions concerning those facts given at the suppression hearing."); *Stadnisky v. State*, 285 Ga. App. 33, 37 (2) (645 SE2d 545) (2007) ("The validity of the seizure depends not on the officer's actual state of mind but on an objective assessment of his

6

actions in light of all the facts and circumstances confronting him at the time.")
(citation and punctuation omitted).

Given that the BOLO objectively provided reasonable articulable suspicion to stop Perry, we need not address whether Perry failed to maintain his lane for purposes of reviewing the motion to suppress. Even viewing the evidence in the light most favorable to the trial court's judgment, we find the trial court erred in suppressing the evidence.

*Judgment reversed and case remanded. Gobeil and Coomer, JJ., concur.*